IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER, <br><br> Defendants, <br><br> And <br><br> 3M COMPANY, A Delaware Corporation, <br><br> Nominal Defendant. | ) ) ) ) ) ) ) ) ) ) C.A. No. _____ ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Plaintiff alleges, upon information and belief based upon, <u>inter alia</u>, the investigation made by and through its attorneys, except as to those allegations that pertain to the plaintiff itself, which are alleged upon knowledge, as follows:

1. The jurisdiction of this Court is founded upon §27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §78aa, and upon 28 U.S.C. §§ 1332 and 1367(a). The plaintiff is a citizen of the Commonwealth of Pennsylvania. The defendants are all citizens of states other than Pennsylvania. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. The claims herein arise under §14(a) of the Exchange Act, 15 U.S.C. §78n(a), and Rule 14a-9, 17 C.F.R. §240.14a-9, of the Securities and Exchange Commission (the "SEC") promulgated thereunder, Schedule 14A, 26 C.F.R. §240.14a-101, and the laws of Delaware. In addition, 26 U.S.C. §162(m) and 26 C.F.R. §1.162-27 are applicable.

3. Plaintiff brings this action derivatively in the right of and for the benefit of 3M Company, a Delaware corporation (the "Company" or "3M"), to recover for a false or misleading Proxy Statement that failed to comply with SEC regulations governing the contents of proxy statements. The Proxy Statement solicited stockholder approval of the 2007 3M Annual Incentive Plan (the "Plan") at the annual meeting of the stockholders of 3M held on May 8, 2007.

4. This action is not a collusive one to confer jurisdiction on this court that it would not otherwise have. This action does not allege securities fraud or any other fraud. It does not seek to recover damages, but rather specific, equitable relief. This is an action based on the false or misleading Proxy Statement and breach of fiduciary duty.

5. Plaintiff is a stockholder of the Company and was a stockholder at the time of the wrongs alleged herein, and has been such continuously since then.

6. Defendant George W. Buckley is the Company's president and its chief executive officer. He is also a member and the chairman of its board of directors.

7. Defendants George W. Buckley, Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W. James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters, and Rozanne L. Ridgeway are all the members of the Company's board of directors.

8. Defendants George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, and Richard F. Ziegler are the Company's Named Executive Officers as defined in 17 C.F.R. §229.402(a)(3).

9. Plaintiff has not made any demand on the Company's board of directors to institute this action against the individual defendants.

10. The majority of the board is either interested in the transactions and events alleged herein, or it otherwise lacks independence. Of the ten members of the board, George W. Buckley is interested in the payments to be made under the Plan.

11. Four other members of the Company's board of directors, defendants Coffman, Morrison, Peters, and Ridgway, were members of the board's compensation committee that adopted the Plan. That Plan is so patently defective that they are liable for having adopted it, and they lack independence for that reason.

12. Even in the absence of a traditionally interested (or non-independent) board, demand is excused under the facts at bar.

13. The demand requirement and its exceptions are to encourage intra-corporate resolution of disputes and to obtain the business judgment of the board on whether the litigation is in the best interest of the corporation and its shareholders. However, where a stockholder sues the board of directors over an act that is not a decision concerning the management of the business and affairs of the corporation, the business judgment rule does not apply. Delaware law excuses demand whenever the challenged act of the board is not the product of a valid exercise of business judgment, regardless of whether a majority of the board is disinterested and independent. The board's conduct concerning the misrepresentations in and omissions from a

3

proxy statement are not matters of business judgment, and they are not protected by the business judgment rule for the following reasons:

(a) When, for the stockholders' annual meeting, a corporate board solicits stockholders' votes for directors and for the approval of the actions of the board and its committees, the board owes the stockholders a statutory and fiduciary duty of full and fair disclosure, meaning that all material facts must be fully and fairly disclosed and no material facts may be omitted. This duty of disclosure is a thing apart from the duty and authority to deal with the business and property of the corporation. Courts give deference to a corporate board of directors as to questions of management of the corporation's business, but not as to questions of the board's performance of its disclosure duties, and for three reasons. First, a board's decision, even in good faith, to misstate or to omit a material fact cannot be defended on the grounds that reasonable persons could differ on the subject. Second, although courts may not be well suited to making business decisions, courts are well suited to deciding questions concerning the quality of, and circumstances surrounding, disclosures. Third, allegations that a Proxy Statement has materially false or misleading representations and omissions could raise issues as to the honesty and good faith of the directors.

(b) As with Delaware law, under federal policy, there is no need for prior demand on the board of directors with respect to the claim of misrepresentations and omissions in the Proxy Statement.

(c) At bar, the Proxy Statement contains materially false or misleading statements and omissions concerning the tax deductibility of payments under the Plan and the standards and variables used for determining bonuses under the Plan and the amounts of those

4

bonuses.

(d) The entire board is neither disinterested nor independent since every member of the board is liable for the material misstatements and omissions in the Proxy Statement.

**FIRST CLAIM**
**(Under the Exchange Act and Re-incorporating ¶¶1-13)**

14. In connection with the acts, omissions, conduct, and wrongs alleged herein, defendants used the means and instrumentalities of interstate commerce and the mails in committing the wrongs alleged herein.

15. The Company is incorporated in the State of Delaware. The Company's last fiscal year ended December 31, 2006. On March 9, 2007, it had 727,566,923 shares of stock issued and outstanding. The Company's stock is traded on the New York Stock Exchange, Inc., the Pacific Exchange, Inc., the Chicago Stock Exchange, Inc., and the SWX Swiss Exchange. The Company is a diversified technology company.

16. The individual defendants who constitute the Company's board of directors, but not defendant Henkel, authorized the distribution of the Proxy Statement to solicit the proxies of 3M's stockholders for, inter alia, the election of defendant Henkel and the re-election of defendants Buckley, Alvarado, Coffman, Eskew, Farrell, Liddy, Morrison, Peters and Ridgeway to the board of directors, the ratification of the appointment of Pricewaterhouse Coopers LLP as the independent registered public accounting firm for the current year, and approval of the Plan.

17. All the defendants permitted the use of their names in the Proxy Statement to solicit proxies.

18. The Plan required the approval of the Company's stockholders to become effective.

19. With respect to the solicitation of proxies for the annual meeting of stockholders in the year 2007, the Proxy Statement contained materially false or misleading statements and omitted material facts, as set forth herein. As a result, the Proxy Statement rendered the stockholders unwitting agents of self-inflicted damage.

20. The Proxy Statement represented that under the proposed Plan the executive officers' compensation would be deductible by the Company for federal income tax purposes if the Plan were to be approved by the stockholders, but if the stockholders fail to approve the Plan the Company would not terminate the Plan, but instead would implement it without stockholder approval and make payments to the executive officers anyway. Or, the Proxy Statement represented, the Company might revive the old plan that the new Plan was supposed to have replaced, or the Company might select some other method of paying bonuses.

21. The foregoing statements were intended to coerce the stockholders to vote for the Plan because the Proxy Statement had correctly informed the stockholders that compensation in excess of one million dollars paid to each Named Executive Officer was not tax deductible unless it were based on their performance pursuant to a plan approved by the stockholders. The stockholders' choice, according to the representations in the Proxy Statement, was to vote for the Plan, make the incentive payments, and get the tax deduction, or vote against the Plan, and make the incentive payments anyway, but lose the tax deduction.

22. Moreover, the aforesaid representation in the Proxy Statement, that bonuses under the Plan would be tax deductible if the stockholders approved the Plan, was materially false or misleading, for, even if the stockholders did vote for the Plan, the Company would not get the

deduction. Because the defendants threatened and intended to pay the bonuses even if the Company's stockholders disapproved the Plan, no vote of the stockholders would make it deductible. 26 C.F.R. §1.162-27(e)(4)(i).

23.     The Proxy Statement omits to disclose the maximum bonus under the Plan that could be paid to any employee or the formula used to calculate the amount of such bonus if the performance goal is attained. The Treasury Regulations, 26 C.F.R. §1.162-27(e)(4)(i), specify that this is a material term that must be disclosed to the stockholders for their approval to be effective in securing the tax deduction authorized by 26 U.S.C. §162(m)(4)(C).

24.     The Proxy Statement was also materially false or misleading in that it omitted to disclose the approximate number of persons in the class of Plan participants who are not Named Executive Officers. This information is expressly required by 17 C.F.R. §240.14a-101 (Item 10(a)(1)). Accordingly, it is a material omission.

25.     The Proxy Statement was also materially misleading in that it omitted to disclose the material terms and provisions under which the incentive compensation is to be paid. The Proxy Statement represented:

> The new annual incentive plan will be based on three performance metrics: organic growth, operating income, and economic profit.

The term "organic growth" is not defined. It is too vague and uncertain, both for tax purposes and for informing the 3M stockholders. Operating income is a line on 3M's consolidated statement of income. The defendants define "economic profit" as "quarterly net operating income minus a charge for operating capital used by the business," but they do not disclose the amount of that charge. The Proxy Statement also omits to disclose the weight given to these metrics and how they result in the amount of the bonus.

7

26.     The Proxy Statement represented that the maximum bonus payable to each employee is a percentage of the Adjusted Net Income. Net Income is a line on 3M's annual consolidated statement of income, but the text of the Proxy Statement omits to state the meaning of the word "Adjusted." The Plan itself, however, was attached at Exhibit H to the Proxy Statement. The Plan provides that Adjusted Net Income "means the net income ... in the Consolidated Statement of Income as adjusted to exclude special items." No other explanation is stated. This definition is too vague and uncertain, both for tax purposes and for informing the stockholders.

27.     Omission of the foregoing facts from the Proxy Statement meant that the stockholders did not have the ability to assess whether it will be easy or hard for executive officers to achieve a large bonus, how large a bonus could be, whether achievement of bonuses is substantially uncertain, and whether they will be earned for genuine accomplishments. The Proxy Statement omitted to state whether executive officers can achieve a bonus even if the Company's earnings decline from year to year. Some corporate incentive plans do not allow a bonus following a decline in earnings. Since organic growth, economic profit and Adjusted Net Income are uncertain and have no GAAP definitions, and since the committee seems to have unlimited discretion to define them, the Proxy Statement was materially false or misleading and omitted material facts.

28.     The Plan, according to its terms, is designed to ensure that the bonuses be deductible under 26 U.S.C. §162(m), which means that the achievement of a bonus must be substantially uncertain at the time the committee establishes the formula. Without knowledge of how these terms are calculated, the stockholders cannot make this assessment for themselves.

29. The Proxy Statement was also materially false or misleading in that it omitted to include a New Plan Benefits Table. This Table is expressly required by 17 C.F.R. §240.14a-101 (Item 10(a)(2)). Accordingly, it is a material omission.

30. All the defendants were negligent in that they knew or should have known that the representations concerning the deductibility of the incentive payments were materially false or misleading and omitted material facts.

31. All the defendants were negligent in that they knew or should have known that the omissions concerning the terms and provisions of the performance goals were material.

32. To the extent that this complaint seeks declaratory and injunctive relief, it is unnecessary that the court find that the defendants were negligent.

33. Defendants' acts have caused injury to the Company.

## SECOND CLAIM
### (Under Delaware Law Re-Incorporating ¶¶1-33)

34. As members of the board of directors of the Company, the individual defendants owe it fiduciary duties of loyalty and good faith under Delaware law. They also owe the stockholders these duties and also fiduciary duties of disclosure. Each of the director defendants has breached those duties. In addition, they have coerced the stockholders to vote for the Plan.

35. Under Delaware law the officer defendants owe the Company the same fiduciary duties as do the director defendants. In addition they owe fiduciary duties to the Company not to take improperly paid compensation such as bonuses under a plan that was insufficiently disclosed to the stockholders who were solicited to approve it. Acceptance of such bonuses constitutes unjust enrichment.

36. The aforesaid breach of duties of loyalty and good faith and misrepresentations to and coercion against the stockholders have caused injury to the Company.

WHEREFORE, plaintiff prays for the following relief:

    A.    Declaring void the vote of the stockholders for the Plan;

    B.    Termination of the Plan and an injunction against payments under it;

    C.    Voiding the elections of directors for 2007;

    D.    An equitable accounting in favor of the Company for the losses that it has and will sustain by virtue of the conduct alleged herein;

    E.    Awarding plaintiff the costs and disbursements of this action, including reasonable accountants', experts' and attorneys' fees; and

    F.    Granting such other, further relief, whether similar or different, as by this Court may be deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 28, 2007                      **RIGRODSKY & LONG, P.A.**

                                          By: */s/ Seth D. Rigrodsky*
                                                Seth D. Rigrodsky (#3147)
                                                Brian D. Long (#4347)
                                                919 North Market Street, Suite 980
                                                Wilmington, Delaware 19801
                                                Tel.: (302) 295-5310
                                                Fax: (302) 654-7530

                                                *Attorneys for Plaintiff*

**OF COUNSEL:**

**BARRACK, RODOS & BACINE**
Alexander Arnold Gershon
Regina M. Calcaterra
Gloria Kui
1350 Broadway, Suite 1001
New York, New York 10018
Tel.: (212) 688-0782
Fax: (212) 688-0783

10

**BARRACK, RODOS & BACINE**
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838

## VERIFICATION

I, Michael Burns, hereby verify that I am Administrator of the Insulators and Asbestos Workers Local #14 Pension Fund ("the Fund") and am authorized to make this verification on its behalf; I have reviewed the Complaint and authorize its filing on behalf of the Fund; and that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

DATE: June 20, 2007

_____
Michael Burns

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Insulators and Asbestos Workers Local No. 14 Pension Fund

**DEFENDANTS**
George W. Buckley

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (302) 295-5310
Seth Rigrodsky
Rigrodsky & Long, P.A.
919 N. Market St., Suite 980
Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 78aa; 28 U.S.C. § 1332 & 1367(a)
Brief description of cause:
Shareholder Derivative action to recover for false or misleading proxy statement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _Seth Rigrodsky_ (#3147)   DOCKET NUMBER _____

DATE: 6/28/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___7 - 4 1 6___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

___6/28/.7___  ___Noah R. W.___
(Date forms issued)   (Signature of Party or their Representative)

___NOAH R. WORTMAN___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action