IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) | |
| | ) | C.A. No. 07-416-GMS |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER, | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) | |
| Nominal Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER TO THE DISTRICT OF MINNESOTA**

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

Attorneys for George W. Buckley, Patrick
D. Campbell, Moe S. Nozari, Frederick J.
Palensky, and Richard F. Ziegler

Daniel A. Dreisbach (#2583)
Steven J. Fineman (#4025)
Geoffrey G. Grivner (#4711)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Dreisbach@rlf.com
Fineman@rlf.com
Grivner@rlf.com

Attorneys for 3M Company, Linda G.
Alvarado, Vance D. Coffman, Michael L.
Eskew, W. James Farrell, Herbert L.
Henkel, Edward M. Liddy, Robert S.
Morrison, Aulana L. Peters, and Rozanne
L. Ridgway

OF COUNSEL:
Thomas F. Ryan
Walter C. Carlson
James W. Ducayet
Sharlene P.B. Hobson
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

OF COUNSEL:
Paul H. Dawes
Latham & Watkins LLP
140 Scott Drive
Menlo Park, California 94025
(650) 328-4600

J. Christian Word
Kevin H. Metz
Latham & Watkins LLP
555 Eleventh St. NW
Washington, DC 20004
(202) 637-2200

Dated:  September 10, 2007

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ...................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING...................................................... 1

SUMMARY OF THE ARGUMENT ......................................................................... 2

STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT ............................................................................................................. 5

    I.    The Convenience Of The Parties And Witnesses Weigh Strongly In Favor
        Of A Transfer .................................................................................................. 6

        A.    Plaintiff's Decision To Bring This Derivative Action In This
            District Is Not Entitled To Deference ............................................... 7

        B.    The Conduct On Which This Suit Is Based Occurred In The
            District Of Minnesota, Not This District .......................................... 8

        C.    No Parties, Witnesses Or Evidence Is Located In This District;
            While Most Are Located In Minnesota ........................................... 10

    II.    Transferring This Case To Minnesota Would Satisfy The Interests Of
        Justice And Avoid Practical Difficulties That Would Occur If This Action
        Remained In The District Of Delaware .......................................................... 12

    III.    Plaintiff Could Have Filed Suit In The District Of Minnesota .............................. 13

CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Affymetrix, Inc., v. Synteni, Inc.,*
   28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................ *passim*

*Bergman v. Brainin,*
   512 F. Supp. 972 (D. Del. 1981) ................................................................................... 6, 8, 9

*Bosco v. Scott,*
   No. Civ.A. 00-211-GMS, 2000 WL 1728150 (D. Del. Aug. 31, 2000) ...................... 6, 9, 10

*Burstein v. Applied Extrusion Techs., Inc.,*
   829 F. Supp. 106 (D. Del. 1992) ................................................................................... 10, 12

*Clopay Corp. v. Newell Cos. Inc.,*
   527 F. Supp. 733 (D. Del. 1981) ................................................................................... 8

*Dominy v. CSX Transp., Inc.,*
   Civ. A. No. 05-487, 2006 WL 573801 (E.D. Pa. Mar. 9, 2006) ................................. 13

*Hall v. Kittay,*
   396 F. Supp. 261 (D. Del. 1975) ................................................................................... 6, 9

*Hillard v. Guidant Corp.,*
   76 F. Supp. 2d 566 (M.D. Pa. 1999) ............................................................................ 13

*Jumara v. State Farm Ins. Co.,*
   55 F.3d 873 (3d Cir. 1995) ............................................................................................ 5, 6

*Kamen v. Kemper Fin. Servs., Inc.,*
   500 U.S. 90 (1991) ......................................................................................................... 7

*Kirschner Bros. Oil v. Pannill,*
   697 F. Supp. 804 (D. Del. 1988) ................................................................................... 8, 11

*Koster v. (American) Lumbermen's Mutual Cas. Co.,*
   330 U.S. 518 (1947) ....................................................................................................... 7

*Levine v. Smith,*
   591 A.2d 194 (Del. 1991) .............................................................................................. 7

*Minstar, Inc. v. Laborde,*
   626 F. Supp. 142 (D. Del. 1985) ................................................................................... 6, 9, 11

ii

*Ross v. Bernhard*,
  396 U.S. 531 (1970) ................................................................................................ 7

*Schechter v. Tauck Tours, Inc.*,
  17 F. Supp. 2d 255 (S.D.N.Y. 1998) .................................................................. 12

*Weisler v. Barrows*,
  C.A. No. 06-362 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) .................................. *passim*

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 78aa ............................................................................................................ 13

28 U.S.C. § 1391 ............................................................................................................ 13

28 U.S.C. § 1404(a) ................................................................................................ *passim*

Fed. R. Civ. P. 45(b)(2) ................................................................................................ 10

**INTRODUCTION**

This shareholder derivative action concerns challenged events that occurred in Minnesota, involves documents and witnesses located in Minnesota, directly impacts people who live in Minnesota, and is brought on behalf of a company headquartered in Minnesota. In stark contrast, this case has no connection to this District other than 3M's state of incorporation: none of the parties (including plaintiff) resides here, none of the events occurred here, and none of the witnesses or documents is located here. For that simple reason, this case belongs in Minnesota and should be transferred there pursuant to Section 1404(a).

That transfer is appropriate is not surprising. Federal courts frequently transfer shareholder derivative suits to the district in which the relevant events occurred and in which the witnesses and evidence are located. *See, e.g., Weisler v. Barrows*, C.A. No. 06-362 GMS, 2006 WL 3201882, at *2 (D. Del. Nov. 6, 2006). Since shareholder derivative suits typically involve conduct of corporate insiders that occurred at the corporate headquarters, such cases are usually transferred to the district of the corporation's headquarters. The same is true here and this action should, accordingly, be transferred to the District of Minnesota.

**NATURE AND STAGE OF THE PROCEEDING**

On June 28, 2007, plaintiff Insulators and Asbestos Workers Local No. 14 Pension Fund ("Plaintiff") filed this putative shareholder derivative complaint, purportedly in the name of and for the benefit of 3M Company ("3M" or the "Company"), against fourteen 3M officers and directors. Plaintiff alleges that 3M's 2007 Proxy Statement included material misstatements and omissions about the Company's 2007 Executive Annual Incentive Plan, and thus violated both Section 14(a) of the Securities Exchange Act of 1934, and the directors' and officers' fiduciary duties under state law. By stipulation approved by this Court on July 24, 2007, defendants were given leave until September 10, 2007 to file their answers or other responsive pleadings.

1

Defendants Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W. James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters, Rozanne L. Ridgway (the "Independent Director Defendants"), George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, Richard F. Ziegler (the "Officer Defendants"), and 3M (collectively, "Defendants"), respectfully submit this Opening Brief in support of their Motion To Transfer this shareholder derivative action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). Contemporaneously with this filing, the Independent Director Defendants are also filing a Motion to Dismiss the Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b) and 23.1, and the Officer Defendants are filing a Motion to Dismiss the Complaint for failure to comply with the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995. In addition, Defendants are contemporaneously also filing an Opposition to Plaintiff's Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of Minnesota because all of the private and public interest factors relevant to the Court's transfer analysis weigh heavily in favor of transfer:

1.    3M has its principal place of business and principal executive offices in Minnesota, and if this case proceeds, 3M will be the real party in interest. 3M has no offices or facilities in Delaware.

2.    Plaintiff's choice of forum is entitled to little, if any, deference because it is a derivative plaintiff and is suing outside of its state of residence. Indeed, Delaware courts routinely transfer derivative actions to the district court of the corporation's headquarters.

3.    Minnesota is the forum where the alleged misconduct occurred. By contrast, the only commonality this lawsuit has with Delaware is 3M's state of incorporation.

2

4.      The relevant witnesses and documents are overwhelmingly located in Minnesota, Minnesota is the residence of four of the five 3M officers named as defendants, and the other defendants travel to Minnesota frequently.  None of the documents is located in Delaware, and none of the witnesses or defendants resides here.

5.      Practical considerations making trial easy, expeditious, or inexpensive favor transfer to the District of Minnesota.  The overwhelming majority of documents and witnesses are located in Minnesota, and important witnesses cannot be compelled to testify at a trial in Delaware.

6.      The state of Minnesota has a stronger interest in resolving this suit, because it involves a Minnesota company, defendants who reside in Minnesota (and none who resides in Delaware), and defendants' alleged misconduct occurred in Minnesota.  Moreover, Plaintiff seeks to nullify the ratification of a compensation plan that directly affects 3M executive officers, many of whom are Minnesota citizens.

## STATEMENT OF FACTS

Plaintiff, a citizen of the Commonwealth of Pennsylvania (*see* Compl. ¶ 1), brought this shareholder action alleging that 3M's 2007 Proxy Statement included material misstatements and omissions about the Company's 2007 Executive Annual Incentive Plan (the "Plan").   3M maintains its principal place of business and executive offices in the state of Minnesota and is organized under the laws of Delaware.  Compl. ¶ 3; Declaration of Gregg M. Larson in Support of Defendants' Motion to Transfer ("Larson Decl."), ¶ 2.  Many of the 3M officers whose compensation would be affected by the Plan are residents of Minnesota, and none resides in Delaware.  Larson Decl. ¶ 6.  Four of five Officer Defendants work and reside in Minnesota where 3M is headquartered.  *Id.* ¶ 15.  None of the individually named defendants resides in Delaware. *Id.*

3

All significant steps in the planning, preparation, review, and approval of the Plan occurred in Minnesota.[1] *Id.* ¶ 5. The Plan was developed when the Compensation Committee of the Board of Directors of 3M decided to replace its existing quarterly-based short-term incentive compensation plan with a program that provided for compensation based on the Company's annual financial results, as adjusted to reflect non-operational factors. *Id.* ¶ 3. Virtually all discussion of the Plan between Compensation Committee members occurred in Minnesota, and, indeed, the Compensation Committee ultimately adopted the Plan (subject to shareholder approval) on February 11, 2007, at a meeting it held in St. Paul, Minnesota. *Id.* ¶ 4. Further, all 3M employees involved in preparing and drafting the Plan work and reside in Minnesota. *Id.* ¶ 12. In addition, 3M's independent accountants – who are familiar with the Plan's use of accounting terms as well as the financial statements upon which the Plan's compensation formula is based – work and reside in Minnesota. *Id.* ¶ 13.

On February 12, 2007, 3M's Board of Directors voted unanimously to recommend that 3M shareholders approve the Plan as well the material terms under which compensation would be paid under such Plan, at a meeting in St. Paul, Minnesota. *Id.* ¶ 8. On or about March 26, 2007, the 3M Board of Directors submitted a Proxy Statement to shareholders, recommending that shareholders approve the Plan at the Company's annual shareholder meeting. *Id.* ¶ 9. The Proxy Statement, which was prepared, reviewed, signed, and issued from Minnesota, contained a summary that described all of the material features of the Plan, and explained that the Board of Directors recommended that shareholders approve the adoption of the Plan as well as the material terms under which compensation would be paid to individuals participating in such

---

[1] The Compensation Committee retained an independent consultant, George B. Paulin, to assist in preparing the Plan. Larson Decl. ¶ 9. Mr. Paulin, who works in the Los Angeles office of Frederick W. Cook & Co., Inc., attended Compensation Committee meetings in Minnesota where the Plan was discussed. *Id.*

4

Plan. *Id.* The Proxy Statement also included a discussion of the Company's compensation policies. *Id.* Plaintiff alleges that these sections of the Proxy Statement contained material misstatements and omissions that are the subject of this action. Compl. ¶¶ 19-29.

On May 8, 2007, at the Company's Annual Meeting in Minnesota, its shareholders overwhelmingly approved the Plan. Larson Decl. ¶ 10. On June 28, 2007, Plaintiff filed this putative shareholder derivative action without making a demand on 3M's Board of Directors.

## ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." Courts in the Third Circuit "consider whether transferring [an action] would convenience (1) the parties and (2) the witnesses while (3) serving the interests of justice." *Affymetrix, Inc., v. Synteni, Inc.,* 28 F. Supp. 2d 192, 196 (D. Del. 1998). This inquiry requires a multi-factor balancing test of relevant private and public interests. *Id.* at 197.

The private interests to be considered include: (1) the plaintiff's initial choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative geographic and financial position; (5) the convenience of the witnesses, but only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of records and other documents, but, again only to the extent that these records could not be produced in the alternate forum. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995) (vacating district court order and transferring action under Section 1404(a) because convenience and fairness considerations favored transfer to more appropriate forum) (citation omitted); *Affymetrix,* 28 F. Supp. 2d at 197.

The public interest factors to be considered include: (1) the ability of the Court to enforce the judgment; (2) practical considerations making trial easy, expeditious, or inexpensive; (3) the

5

administrative difficulties posed by the relative congestion of the two dockets in the respective fora; (4) any local interest in deciding local controversies at home; (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80; *Affymetrix*, 28 F. Supp. 2d at 197.

"[T]he moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *Weisler*, 2006 WL 3201882, at *2. "[T]he weaker the connection between the [initial] forum and *either* the plaintiff or the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer." *Affymetrix*, 28 F. Supp. 2d at 199 (emphasis in original).

Delaware courts routinely transfer derivative actions to the district court of the corporation's headquarters, when the events giving rise to the lawsuit occurred there. *See, e.g.*, *Weisler*, 2006 WL 3201882, at *3; *Bosco v. Scott*, No. Civ.A. 00-211-GMS, 2000 WL 1728150, at *3-4 (D. Del. Aug. 31, 2000); *Minstar, Inc. v. Laborde*, 626 F. Supp. 142, 144, 148 (D. Del. 1985); *Bergman v. Brainin*, 512 F. Supp. 972, 973, 975 (D. Del. 1981); *Hall v. Kittay*, 396 F. Supp. 261, 263-64 (D. Del. 1975).

## I. THE CONVENIENCE OF THE PARTIES AND WITNESSES WEIGH STRONGLY IN FAVOR OF A TRANSFER.

The first prong of the Section 1404(a) analysis – the convenience of the parties and witnesses – overwhelmingly favors transfer to Minnesota since this action has no meaningful connection to this district.

First, Plaintiff's choice of forum is entitled to little, if any, deference because 3M (not Plaintiff) is the real party in interest in this shareholder derivative action. 3M's principal place of

business is Minnesota and the Company has no offices or facilities in Delaware. Moreover, Plaintiff is a resident of the Commonwealth of Pennsylvania, not Delaware.

Second, virtually all preparation and meetings regarding the Plan and the Proxy Statement took place in Minnesota where 3M is headquartered, and the shareholders approved the Plan at a meeting in Minnesota. It follows that the alleged misconduct Plaintiff avers all occurred in Minnesota, and the Plan at issue impacts the compensation of 3M officers, many of whom reside in Minnesota.

Third, four of the five Officer Defendants and, overwhelmingly, the relevant witnesses and documents are located in Minnesota. And none of the individual defendants, relevant witnesses, or documents are located in Delaware.

**A.      Plaintiff's Decision To Bring This Derivative Action In This District Is Not Entitled To Deference.**

As this Court has previously held, in a "shareholder's derivative suit, a plaintiff's choice of forum is entitled to little weight." *Weisler*, 2006 WL 3201882, at *3; *see Koster v. (American) Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). This is because a shareholder derivative action is a lawsuit brought by one or more minority shareholders "to enforce a *corporate* cause of action against officers, directors, and third parties." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95 (1991) (quoting *Ross v. Bernhard*, 396 U.S. 531, 534 (1970)) (emphasis in original). Unlike a claim brought on a plaintiff's own behalf to enforce a claim it personally asserts, a shareholder derivative claim "belong[s] not to the shareholder" bringing the action, "but to the corporation." *Levine v. Smith*, 591 A.2d 194, 200 (Del. 1991); *see also Ross*, 396 U.S. at 538 (observing that in a shareholder derivative action, the company "is the real party in interest, the stockholder being at best the nominal plaintiff").

Here, the corporation on whose behalf Plaintiff seeks to recover (3M) is located in Minnesota, not Delaware. 3M was founded in Minnesota in 1902 as Minnesota Mining and Manufacturing Company, has been headquartered there continuously for over a century, and has no offices or facilities in Delaware. Larson Decl. ¶ 2. *See Weisler*, 2006 WL 3201882, at *3; *Bergman*, 512 F. Supp. at 975.

Moreover, Plaintiff's choice of forum is accorded even less weight because it is not located in this District and it is a resident of Pennsylvania (Compl. ¶ 1), but it sued in Delaware, not Pennsylvania. *See Kirschner Bros. Oil, Inc. v. Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988) (transferring case and stating that "[i]f the plaintiff chooses a forum which is not his 'home turf' and which has no connection to any of the acts giving rise to the lawsuit, however, the convenience to the plaintiff of litigating in his chosen forum is not as great"); *Clopay Corp. v. Newell Cos. Inc.*, 527 F. Supp. 733, 736 (D. Del. 1981) (observing that the "quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer is concomitantly reduced" when a plaintiff chooses to sue outside its "home turf") (quotation omitted).

Accordingly, Plaintiff's decision to sue in this District, where neither it nor 3M is located, cannot militate against transfer to the far more convenient forum of the District of Minnesota.

**B.    The Conduct On Which This Suit Is Based Occurred In The District Of Minnesota, Not This District.**

Plaintiff's Complaint conclusively demonstrates that Minnesota is the locus of conduct relevant to this suit. Plaintiff alleges that Defendants made false and misleading statements in the Proxy statement which recommended that 3M's shareholders approve the Plan. Compl. ¶ 3. The Proxy statement was prepared, reviewed, signed, and issued from Minnesota. Larson Decl. ¶ 9. The Plan summary and the discussion of the Company's compensation policies contained in

8

the Proxy Statement – and the Plan itself – were prepared in Minnesota. *Id.* ¶¶ 5, 9. The Compensation Committee adopted the Plan subject to shareholder approval at a meeting held in Minnesota,[2] the Board of Directors voted to recommend shareholder approval of the Plan at a meeting held in Minnesota, and the shareholders ultimately approved the Plan at their annual meeting in Minnesota. *Id.* ¶¶ 4, 8, 10.

The only (tenuous) connection between this suit and this District is that 3M (like thousands of companies) is incorporated in Delaware. This Court, however, has previously recognized that a defendant's state of incorporation is insufficient to prevent transfer to the venue where the acts giving rise to the lawsuit occurred. *See, e.g., Weisler*, 2006 WL 3201882, at *3 (granting motion to transfer derivative action where defendant company's state of incorporation was the action's only connection to Delaware); *Bosco*, 2000 WL 1728150, at *4; *Bergman*, 512 F. Supp. at 975; *Minstar*, 626 F. Supp. at 144-46; *Hall*, 396 F. Supp. at 263-64.

Indeed, in a strikingly similar derivative case, this Court granted a motion to transfer even though the corporate defendant was incorporated in Delaware. *Weisler*, 2006 WL 3201882. In *Weisler*, the plaintiff, a New York resident, filed a shareholder derivative action in Delaware against a Delaware corporation with its principal place of business in Massachusetts. *Id.* at *1, *3. In granting defendants' motion to transfer, this Court determined that Massachusetts rather than Delaware was the jurisdiction where the "majority of the events giving rise to this action" occurred because the alleged misrepresentations and omissions described in the complaint concerned documents that were "prepared, reviewed, signed, and issued" in Massachusetts. *Id.* at *3; *Bosco*, 2000 WL 1728150, at *4 (granting motion to transfer where "the majority of the events giving rise to this action occurred in [the transferee venue]" and "none of the events

---

[2] In addition to claiming that the Proxy Statement was false and misleading, Plaintiff also alleges that Compensation Committee members are liable for adopting the Plan. Compl. ¶ 11.

giving rise to the plaintiffs' claims occurred in substantial, indeed, in *any* part in the District of Delaware") (emphasis in original); *see also Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 107-10 (D. Del. 1992) (granting motion to transfer to district where the "acts giving rise to the lawsuit" occurred even though the defendant was a Delaware corporation with its principal place of business and principal executive offices also in Delaware).

### C.     No Parties, Witnesses Or Evidence Is Located In This District; While Most Are Located In Minnesota.

Witnesses who are not employed by a party and "who possess first-hand knowledge of the events giving rise to the lawsuit [] have traditionally weighed quite heavily in the 'balance of convenience' analysis." *Affymetrix*, 28 F. Supp. 2d at 203. Here, there are several non-party fact witnesses with firsthand knowledge of events giving rise to the lawsuit who are located in Minnesota and are not subject to compulsory process in Delaware. Larson Decl. ¶ 13; *see also* Fed. R. Civ. P. 45(b)(2). For example, accountants with the Minneapolis office of PricewaterhouseCoopers performed auditing functions for 3M in 2006 and 2007, the period during which the misconduct alleged in the Complaint took place. They are familiar with the meaning of accounting terms as utilized in the Plan, such as "Adjusted Net Income," which Plaintiff quarrels about in its Complaint. *See* Compl. ¶ 25-27; Larson Decl. ¶ 13. Their testimony also would be relevant to address Plaintiff's allegations regarding the "standards and variables" affecting compensation under the Plan based on the Company's annual financial results, as adjusted to reflect non-operational factors. *See* Compl. ¶ 13(c); Larson Decl. ¶ 13. These persons are citizens and residents of Minnesota, and are unavailable by subpoena in Delaware. Larson Decl. ¶ 13. Accordingly, this factor too weighs strongly in favor of transfer. *See Affymetrix*, 28 F. Supp. 2d at 203; *Weisler*, 2006 WL 3201882, at *3; *Bosco*, 2000 WL 1728150, at *4.

Minnesota is also 3M's principal place of business and the residence of four of the five officers named as Defendants. Larson Decl. ¶¶ 2, 14. And, the Independent Director Defendants travel to Minnesota frequently for Board and Committee meetings (including meetings where the Plan at issue in this action was discussed). *See id.* ¶¶ 4, 8. Importantly, none resides in Delaware. *Id.* ¶ 15. Moreover, not one potential witness resides in Delaware. *Id.* ¶ 14. Nor is Plaintiff a resident of Delaware.

As with the individually named Defendants who work at 3M, Minnesota is the residence and place of business of nearly every individual at 3M with knowledge of the facts underlying this litigation. For example, several Minnesota-based 3M employees participated in preparing the Plan at issue in this action and also attended the Compensation Committee meetings in Minnesota at which the plan was discussed. *Id.* ¶ 12. Transferring the action to the District of Minnesota would be more convenient for those individuals. *See Weisler*, 2006 WL 3201882, at *3 ("[T]he majority of the events giving rise to this action occurred in [the transferee venue], which is the location of the principal offices of [defendant company] and, as a result, the location of many of the witnesses. These factors weigh heavily in the court's transfer analysis."); *Kirschner Bros. Oil*, 697 F. Supp. at 808 (transferring securities fraud action to district of company's principal place of business "would allow [key party witnesses] to pay greater attention to corporate business matters, minimizing the interference with the efficient conduct of [the company's] business during the trial. The reduction of such interference is an important factor for balancing convenience."); *Minstar*, 626 F. Supp. at 147 (transferring derivative action where corporate defendants' "operations would be severely hampered if they were required to transport their directors, officers, and key employees" to Delaware). Moreover, there is no certainty that these persons will be employed at 3M when the case is tried. *See Schechter v.*

11

*Tauck Tours, Inc.*, 17 F. Supp. 2d 255, 261 (S.D.N.Y. 1998) (recognizing that employers frequently can persuade employees to travel for business purposes such as testifying on the employer's behalf at trial, but observing that there was no assurance that critical employees would be employed by the defendant at the time of trial).

Finally, all documents relating to this action that are within 3M's possession, custody or control are located in Minnesota and none is located in Delaware. *Id.* ¶ 11. Accordingly, this factor also bears in favor of transfer. *See, e.g., Burstein*, 829 F. Supp. at 110-11 (while some documents were located in transferor forum in Delaware, all documents with the exception of correspondence files of three defendants were located in transferee forum, where most of the evidence was present).

## II. TRANSFERRING THIS CASE TO MINNESOTA WOULD SATISFY THE INTERESTS OF JUSTICE AND AVOID PRACTICAL DIFFICULTIES THAT WOULD OCCUR IF THIS ACTION REMAINED IN THE DISTRICT OF DELAWARE.

Transfer to the District of Minnesota would better serve the interests of justice in this case because it would make trial "eas[ier], [more] expeditious, [and less] expensive." *Jumara*, 55 F.3d at 879 (noting that administrative and practical considerations, such as costs to parties, are factors to consider when analyzing whether the transfer would serve the interests of justice); *Affymetrix*, 28 F. Supp. 2d at 197. Again, nearly all of the witnesses and documents relating to this action are located in Minnesota. On the other hand, the only commonality this action has with Delaware is that 3M is incorporated in the state. Moreover, as described above, there are potential fact witnesses who are not subject to compulsory process in Delaware.

Additionally, Minnesota has a strong interest in resolving this suit, because the underlying events which form the basis of the action occurred in Minnesota, and many of the individual Defendants are citizens and residents of Minnesota. Furthermore, the outcome of this

12

case will directly affect the compensation of Minnesota citizens because the Plan expressly covers 3M executives who reside in Minnesota. Larson Decl. ¶ 6. *See Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 572 (M.D. Pa. 1999) (denying motion to transfer where the outcome of the case would affect the healthcare received by local citizens of the transferor forum); *Dominy v. CSX Transp., Inc.*, Civ. A. No. 05-487, 2006 WL 573801, at *4 (E.D. Pa. Mar. 9, 2006) (finding local interests weighed in favor of transfer because "[t]he facility where the injury allegedly occurred, and where future injuries could occur to other citizens, is located in the [transferee district]"). By contrast, Delaware does not have as strong an interest in resolving this suit, in that none of the events giving rise to the action occurred in Delaware, none of the parties has a principal place of business here, none of the individual parties resides in or is a citizen of Delaware, and none of the 3M executives covered by the Plan resides in or is a citizen of Delaware.

## III.    PLAINTIFF COULD HAVE FILED SUIT IN THE DISTRICT OF MINNESOTA.

A final requirement of Section 1404(a) is a finding that the case could have been brought in the transferee district (*see* 28 U.S.C. § 1404(a)), *i.e.*, that the transferee court has personal jurisdiction over the parties and offers a proper venue. That condition is easily satisfied here. Minnesota is 3M's principal place of business, and, as described above, nearly all the actions in dispute occurred within the District of Minnesota. In addition, all of the Officer Defendants and the Independent Director Defendants are subject to jurisdiction in Minnesota in this case. For these same reasons, the District of Minnesota is a proper forum for this action. *See* 15 U.S.C. § 78aa; 28 U.S.C. § 1391.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant their

Motion to Transfer this shareholder derivative action to the United States District Court for the

District of Minnesota pursuant to 28 U.S.C. § 1404(a).


*/s/ Philip A. Rovner*                                       */s/ Steven J. Fineman*

Philip A. Rovner (#3215)                              Daniel A. Dreisbach (#2583)
Potter Anderson & Corroon LLP                  Steven J. Fineman (#4025)
1313 N. Market Street                                  Geoffrey G. Grivner (#4711)
Hercules Plaza, 6th Floor                              Richards, Layton & Finger
P.O. Box 951                                               One Rodney Square
Wilmington, DE 19899-0951                       P.O. Box 551
(302) 984-6000                                           Wilmington, Delaware 19899
provner@potteranderson.com                     (302) 651-7700
                                                              Dreisbach@rlf.com
Attorneys for George W. Buckley, Patrick    Fineman@rlf.com
D. Campbell, Moe S. Nozari, Frederick J.    Grivner@rlf.com
Palensky, and Richard F. Ziegler
                                                              Attorneys for 3M Company, Linda G.
                                                              Alvarado, Vance D. Coffman, Michael L.
                                                              Eskew, W. James Farrell, Herbert L.
                                                              Henkel, Edward M. Liddy, Robert S.
                                                              Morrison, Aulana L. Peters, and Rozanne
                                                              L. Ridgway


OF COUNSEL:                                          OF COUNSEL:
Thomas F. Ryan                                         Paul H. Dawes
Walter C. Carlson                                      Latham & Watkins LLP
James W. Ducayet                                     140 Scott Drive
Sharlene P.B. Hobson                                Menlo Park, California 94025
Sidley Austin LLP                                     (650) 328-4600
One South Dearborn
Chicago, IL 60603                                    J. Christian Word
(312) 853-7000                                        Kevin H. Metz
                                                             Latham & Watkins LLP
                                                             555 Eleventh St. NW
                                                             Washington, DC 20004
Dated: September 10, 2007                       (202) 637-2200


14

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

Seth D. Rigrodsky, Esquire
Brian D. Long, Esquire
Rigrodsky & Long, P.A.
919 N. Market Street, Suite 980
Wilmington, DE 19801

Steven J. Fineman (#4025)
fineman@rlf.com