IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) ) | |
| | ) | C.A. No. 07-416-GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER, | ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants, | ) ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) | |
| Nominal Defendant. | ) | |

**DECLARATION OF GREGG M. LARSON IN
SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

| | |
|---|---|
| Philip A. Rovner (#3215)<br>Potter Anderson & Corroon, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>provner@potteranderson.com<br>Attorneys for George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, and Richard F. Ziegler | Daniel A. Dreisbach (#2583)<br>Steven J. Fineman (#4025)<br>Geoffrey G. Grivner (#4711)<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>Dreisbach@rlf.com<br>Fineman@rlf.com<br>Grivner@rlf.com<br><br>Attorneys for 3M Company, Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W. James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters, and Rozanne L. Ridgway |
| OF COUNSEL:<br>Thomas F. Ryan<br>Walter C. Carlson<br>James W. Ducayet<br>Sharlene P.B. Hobson<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br><br>Dated: September 10, 2007 | OF COUNSEL:<br>Paul H. Dawes<br>Latham & Watkins LLP<br>140 Scott Drive<br>Menlo Park, California 94025<br>(650) 328-4600<br><br>J. Christian Word<br>Kevin H. Metz<br>Latham & Watkins LLP<br>555 Eleventh St. NW<br>Washington, DC 20004<br>(202) 637-2200 |

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INSULATORS AND ASBESTOS WORKERS ) <br> LOCAL NO. 14 PENSION FUND, Derivatively) <br> on Behalf of 3M Company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GEORGE W. BUCKLEY, et al., ) <br> ) <br> Defendants, and ) <br> ) <br> 3M COMPANY, a Delaware corporation, ) <br> ) <br> Nominal Defendant. ) <br> ) <br> ) | Civil Action No. 07-416-GMS |

### Declaration of GREGG M. LARSON in Support of Defendants' Motion to Transfer

I, Gregg M. Larson, declare as follows:

1. I am Deputy General Counsel of 3M Company ("3M" or the "Company") and the Secretary to the Company's Board of Directors. I reside in Dellwood, Minnesota. I have been employed at 3M since June 1, 1979. I am providing this declaration in my capacity as Secretary, not in any capacity as a lawyer to the Company. I submit this declaration in support of Defendants' motion to transfer this action to the United States District Court for the District of Minnesota. The facts asserted in this declaration are known to me personally based upon my work as Secretary to the Company and my participation in, or review of the minutes of, meetings of the Company's Compensation Committee and meetings of the Company's Board of Directors. If called upon to do so, I would testify as follows:

2. 3M was founded in Minnesota in 1902 as Minnesota Mining and Manufacturing Company and has been headquartered in Minnesota continuously since that time. 3M's principal

place of business and executive offices are located in St. Paul, Minnesota. 3M has no offices or facilities in Delaware.

3. Beginning in 2006, the Compensation Committee of the Board of Directors of 3M undertook a process of re-examining 3M's short-term and long-term incentive compensation plans. The Compensation Committee considered a new Executive Annual Incentive Plan ("Plan") that is based on the Company's annual financial results, as adjusted to exclude special items.

4. Prior to approving the Plan, the Compensation Committee discussed the Plan at several meetings that all occurred in Minnesota or via teleconference. The meetings that occurred via teleconference included 3M employees who participated in the calls from Minnesota. No Compensation Committee meetings occurred in Delaware. The Compensation Committee approved the Plan at a meeting on February 11, 2007, subject to shareholder approval. The February 11 meeting took place in St. Paul, Minnesota.

5. All significant steps in the planning, preparation, drafting, and review of the Plan occurred in Minnesota. No part of the Plan was prepared in Delaware.

6. The Plan affects the compensation of 3M employees who reside in Minnesota, including George W. Buckley, Patrick D. Campbell, Moe S. Nozari, and Frederick J. Palensky, and none of the 3M employees affected by the Plan resides in Delaware.

7. The Compensation Committee retained George B. Paulin from the firm of Fredrick W. Cook & Co., Inc., to assist with its examination of compensation plans. Mr. Paulin, who works in the Los Angeles office of Frederick W. Cook & Co., Inc., attended Compensation Committee meetings in Minnesota as part of his engagement.

8. On February 12, 2007, 3M's Board of Directors voted unanimously to recommend that 3M shareholders approve the Plan as well the material terms under which compensation would be paid under such Plan, at a meeting in St. Paul, Minnesota.

9. On or about March 26, 2007, the 3M Board of Directors submitted a Proxy Statement to shareholders. The Proxy Statement contained, among other things, a true and

correct copy of the Plan itself and a summary that described all of the material features of the Plan, and explained that the Board of Directors recommended that shareholders approve the adoption of the Plan as well as the material terms under which compensation would be paid to individuals participating in such Plan at the Company's annual meeting of shareholders. In addition, the Proxy Statement included a discussion of the Company's compensation policies. The Proxy Statement was prepared, reviewed, signed, and issued from Minnesota.

10. The Company's Annual Meeting was held on May 8, 2007 in St. Paul, Minnesota. At that meeting, the Plan as well as the material terms under which compensation would be paid to individuals participating in such Plan were approved by shareholders. The shares voting in favor of the Plan totaled 566,033,236.479 (89% of the total shares voting). The shares voting against the Plan totaled 53,992,509.653 (9%). A total of 12,986929.057 shares abstained from voting on this proposal.

11. All documents and records relating to the preparation, planning, drafting, and approval of the Plan and the Proxy Statement issued on or about March 26, 2007, that are within 3M's possession, custody or control are located in Minnesota.

12. The Company has identified several potential fact witnesses who are 3M employees and have first-hand knowledge of facts and circumstances regarding the allegations in the Complaint. In particular, 3M employees who reside in Minnesota, including Angela Lalor, Janice Angell, Steven Beilke and Mark Nagorka, assisted in preparing the Plan or attended Compensation Committee meetings at which the Plan was discussed. In addition, 3M employees who reside in Minnesota, including Steven Beilke, assisted in preparing the Plan summary and discussion of the compensation policies included in the Proxy Statement issued on or about March 26, 2007.

13. The Company has also identified several potential third-party fact witnesses with first-hand knowledge of facts and circumstances regarding the allegations in the Complaint. These witnesses include 3M's independent accountants. Charles E. Berg and his staff from PricewaterhouseCoopers performed auditing functions for 3M in 2006 and 2007. They are

familiar with the meaning of accounting terms as utilized in the Plan, such as "Adjusted Net Income," "Consolidated Statement of Income" and the "special items" affecting compensation under the Plan. Mr. Berg and his staff are residents of Minnesota.

14. I am not aware of any potential fact witness who resides in Delaware.

15. Four of the five 3M officers named as defendants in this lawsuit work and reside in Minnesota. None of the individually named defendants resides in Delaware.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 10th day of September, 2007 at St. Paul, Minnesota.

_____
GREGG M. LARSON

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Seth D. Rigrodsky, Esquire
Brian D. Long, Esquire
Rigrodsky & Long, P.A.
919 N. Market Street, Suite 980
Wilmington, DE 19801

Steven J. Fineman (#4025)
fineman@rlf.com