# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSULATORS AND ASBESTOS WORKERS ) <br> LOCAL NO. 14 PENSION FUND, ) <br> Derivatively On Behalf Of 3M Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUCKLEY, LINDA G. ) <br> ALVARADO, VANCE D. COFFMAN, ) <br> MICHAEL L. ESKEW, W. JAMES FARRELL,) <br> HERBERT L. HENKEL, EDWARD M. ) <br> LIDDY, ROBERT S. MORRISON, AULANA ) <br> L. PETERS, ROZANNE L. RIDGEWAY, ) <br> PATRICK D. CAMPBELL, MOE S. NOZARI, ) <br> FREDERICK J. PALENSKY, RICHARD F. ) <br> ZIEGLER, ) <br> ) <br> Defendants, ) <br> ) <br> And ) <br> ) <br> 3M COMPANY, A Delaware Corporation, ) <br> ) <br> Nominal Defendant. ) | Civil Action No. 07-416 (GMS) |

## OFFICER DEFENDANTS' OPENING BRIEF IN SUPPORT OF
## THEIR MOTION TO DISMISS THE COMPLAINT

OF COUNSEL:

Thomas F. Ryan
Walter C. Carlson
James W. Ducayet
Sharlene P.B. Hobson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

Dated: September 10, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*George W. Buckley, Patrick D. Campbell,*
*Moe S. Nozari, Frederick J. Palensky and*
*Richard F. Ziegler*

# **TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................................................... 3

FACTUAL BACKGROUND ....................................................................................................... 3

ARGUMENT ................................................................................................................................ 6

    I.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) AND THE PRIVATE SECURITIES LITIGATION REFORM ACT. ............................................................................................. 6

        A.    The PSLRA's Heightened Pleading Standards. ............................................ 6

        B.    The Complaint Does Not Plead Any Facts Giving Rise to a Strong Inference of Negligence. ................................................................................ 8

    II.    PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED. ................... 10

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Baker v. MBNA Corp.*,
    2007 U.S. Dist. LEXIS 48892 (D. Del. July 6, 2007) ..................................................7, 10

*Bertoglio v. Texas Int'l Co.*,
    488 F. Supp. 630 (D. Del. 1980)..........................................................................................10

*Bolger v. First State Fin. Servs.*,
    759 F. Supp. 182 (D.N.J. 1991) ...........................................................................................10

*Bond Opportunity Fund v. Unilab Corp.*,
    2003 WL 21058251 (S.D.N.Y. May 9, 2003) ...............................................................7, 8, 9

*Borough of W. Mifflin v. Lancaster*,
    45 F.3d 780 (3d Cir. 1995).....................................................................................................11

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)...........................................................................................3, 6

*Gen. Elec. Co. by Levit v. Cathcart*,
    980 F.2d 927 (3d Cir. 1992)...................................................................................................6

*Gould v. Am.-Hawaiian S.S. Co.*,
    535 F.2d 761 (3d Cir. 1976)...................................................................................................6

*Gould v. Am-Hawaiian S.S. Co.*,
    351 F. Supp. 853 (D. Del. 1972)............................................................................................8

*Jaffee v. United States*,
    592 F.2d 712 (3d Cir. 1979)...................................................................................................9

*Krim v. ProNet, Inc.*,
    744 A.2d 523 (Del. Ch. 1999).............................................................................................10

*Lemon Bay Partners LLP v. Hammonds*,
    2007 U.S. Dist. LEXIS 46143 (D. Del. June 26, 2007).......................................................11

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) ......................................................................7, 9, 10

*Nat'l Home Prods., Inc. v. Gray*,
    416 F. Supp. 1293 (D. Del. 1976).........................................................................................6

*In re Reliance Sec. Litig.*,
   135 F. Supp. 2d 480 (D. Del. 2001) ................................................................. 6, 8

*Rosenberg v. XM Ventures*,
   129 F. Supp. 2d 681 (D. Del.), *aff'd*, 274 F.3d 137 (3d Cir. 2001) ..................... 3

*Rubery v. Radian Group, Inc.*,
   2007 WL 1575211 (E.D. Pa. May 31, 2007) ....................................................... 10

*Shidler v. All Am. Life & Fin. Corp.*,
   775 F.2d 917 (8th Cir. 1985) ............................................................................. 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   127 S. Ct. 2499 (2007) ...................................................................................... 6, 7

*In re Westinghouse Sec. Litig.*,
   832 F. Supp. 989 (W.D. Pa. 1993) ...................................................................... 10

*In re Zoran Corp. Deriv. Litig.*,
   2007 WL 1650948 (N.D. Cal. June 5, 2007) ....................................................... 7, 8

**STATUTES, RULES AND REGULATIONS**

8 Del. C. 141(e) ............................................................................................................ 8

15 U.S.C. § 78n(a) .............................................................................................. *passim*

15 U.S.C. § 78u-4(b)(2) ........................................................................................ 1, 3, 7

15 U.S.C. § 78u-4(b)(3)(A) ................................................................................... 2, 3, 7

26 U.S.C. § 162(m) ................................................................................................ 4, 5

28 U.S.C. § 1367(a) .................................................................................................. 11

28 U.S.C. § 1367(c) .................................................................................................. 11

17 C.F.R. § 240.14a-9 ........................................................................................ 5, 6, 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 6

Fed. R. Civ. P. 23.1 ................................................................................................... 2

## **OTHER AUTHORITIES**

Item 402 of Regulation S-K .......................................................................................................... 4

Private Securities Litigation Reform Act of 1995 ............................................................... *passim*

Defendants George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, and Richard F. Ziegler (the "Officer Defendants") respectfully submit this Opening Brief in Support of Their Motion to Dismiss the Complaint.

## INTRODUCTION

This putative derivative lawsuit, supposedly brought for the benefit of 3M, seeks to deprive 3M of a lawful benefit – a tax deduction for certain executive compensation – on the basis of an entirely conclusory and misguided claim that defendants violated the federal securities laws in connection with a Proxy Statement seeking shareholder approval of the Company's 2007 Executive Annual Incentive Plan (the "Plan"). This action is not one to confer a benefit on the Company, as derivative actions are intended to do, but one that actually seeks to financially harm the Company.

The Complaint should be dismissed. Among its numerous deficiencies, the Complaint entirely fails to comply with the heightened pleading requirements imposed by Congress in passing the Private Securities Litigation Reform Act of 1995 ("PSLRA") to protect against abusive litigation practices and the harm to an individual's reputation associated with unsubstantiated claims of wrongdoing. In particular, the PSLRA requires that a complaint alleging a violation of the federal securities laws set forth "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The Complaint here makes no effort whatsoever to satisfy this requirement. Rather than attempting to set forth particularized factual allegations specifying how *each* defendant purportedly acted improperly in connection with the Proxy Statement, the Complaint merely alleged that "[a]ll the defendants were negligent in that they knew or should have known" that the Proxy Statement was materially false or misleading and omitted material facts. (Compl. at ¶¶ 30-31.) These bare-bones allegations are devoid of *any* facts, much less facts giving rise to a

1

"strong inference" of culpability as to each of the defendants. As such, dismissal is warranted under the PSLRA. 15 U.S.C. § 78u-4(b)(3)(A). In addition, because plaintiff's pleading of its state law claims suffers from the same defects, it too must be dismissed; or, in the alternative, plaintiff's state law claims should be dismissed because there is no pendent federal claim and no other compelling reason for the court to retain jurisdiction.

## NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2007, plaintiff filed this putative shareholder derivative complaint, in the name of and supposedly to benefit the Company, against the Independent Director Defendants and Officer Defendants. Plaintiff alleges that 3M's 2007 Proxy Statement included material misstatements and omissions about the Company's 2007 Executive Annual Incentive Plan, and thus violated both Section 14(a) of the Securities Exchange Act of 1934, and the directors' and officers' fiduciary duties under Delaware law. By stipulation approved by this Court on July 24, 2007, defendants were given until September 10, 2007 to file their answers or other responsive pleadings.

Contemporaneously with the filing of this brief, 3M and the Independent Director Defendants are also filing a Motion to Dismiss the Complaint for Failure to State a Claim Under Fed. R. Civ. P. 23.1 because the Complaint fails to adequately plead with particularity the reasons why demand would be futile. In addition, on August 21, 2007, prior to the filing of any responsive pleadings, plaintiff filed a Motion for Summary Judgment, asserting that there are no genuine issues of material fact with respect to its claims and seeking entry of judgment as a matter of law. Defendants are filing their Brief in Opposition to that motion at the same time as this Motion.

2

## SUMMARY OF THE ARGUMENT

1.  The Complaint does not comply with the heightened pleading requirements of the PSLRA requiring, *inter alia*, that a complaint alleging a violation of the federal securities laws set forth "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The Complaint here makes no effort to satisfy this requirement with respect to any of the defendants and should therefore be dismissed. *Id.* at § 78u-4(b)(3)(A). Instead, plaintiff's Complaint incorrectly asserts that because it is seeking an injunction, it is not required to establish a culpable state of mind on the part of the individual defendants. That is incorrect, both because the Complaint does seek the payment of money and because negligence is a required element even in cases seeking equitable relief.

2.  Plaintiff's state law claims suffer from the same pleading defects as its federal claim and therefore must also be dismissed; in the alternative, plaintiff's state law claims should be dismissed because there is no pendent federal claim and no other compelling reason for the court to retain jurisdiction.

## FACTUAL BACKGROUND

At its meeting in St. Paul, Minnesota on February 11, 2007, the independent Compensation Committee of the Company's Board of Directors adopted the Plan, subject to the condition that the Plan be approved by a majority vote of the Company's stockholders at the next Annual Meeting. (Proxy Statement at 25.)[1] The Plan stipulates that it is intended to "attract and retain highly qualified individuals as executive officers of 3M; to focus their attention on achieving certain business objectives established for 3M and its business units; and to provide

---

[1] The publicly-filed Proxy Statement and the Plan form the basis for plaintiff's claims and are therefore appropriately considered on this Motion to Dismiss. *See Rosenberg v. XM Ventures*, 129 F. Supp. 2d 681, 685 (D. Del. 2001) (Sleet, J.) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("'document[s] integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'").

3

these individuals with incentive compensation that is intended to qualify as performance-based compensation under Section 162(m) of the Internal Revenue Code." (*Id.* at H-1, ¶ 1.) The Plan applied to the Company's five "Named Executive Officers" – *i.e.*, those executives who were covered by the SEC's disclosures requirements for executive compensation under Item 402 of Regulation S-K – as well as those other senior executives whose compensation is approved by the Committee and whose participation in the Plan was also approved by the Committee. Under the Plan, Named Executive Officers are entitled to a potential maximum award of 0.25% of the Adjusted Net Income of a Plan Year. (*Id.* at ¶ 5.) Adjusted Net Income is defined under the Plan as "the net income of 3M as reported in the Consolidated Statement of Income as adjusted to exclude special items." (*Id.* at ¶ 2(a).) Other executives were entitled to a maximum amount of 0.10% of Adjusted Net Income. (*Id.* at ¶ 5.) Subject to these maximums, the Plan provides complete discretion to the Compensation Committee to make awards as it determines are in the best interests of the Company and its shareholders. (*Id.* at ¶ 5.)

One of the conditions for the payments made pursuant to the Plan to certain of the Named Executive Officers to satisfy the deductibility requirements of Section 162(m) was that the material terms under which such compensation will be paid are approved by stockholders. (Proxy Statement at 25.) To that end, on or about March 26, 2007, the Company mailed a Proxy Statement to its shareholders in connection with the Company's Annual Meeting of stockholders scheduled for May 8, 2007. The Proxy Statement contained a summary of the material features of the Plan, and explained that the Board of Directors recommended that shareholders approve the Plan. (*Id.* at 25-27.) In addition, the Proxy Statement included the text of the Plan itself as an Exhibit for stockholders to review for themselves.

The Complaint alleges that this Proxy Statement was materially false and misleading in violation of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, and Delaware law. In particular, plaintiff alleges that the description of the Plan in the Proxy Statement did not comply with the applicable requirements for shareholder approval of performance-based compensation under the Internal Revenue Code, thereby negating the tax deduction available to the Company for compensation that might be paid in the future to certain of the executives under the Plan. (Compl. at ¶¶ 20-22.) The Complaint also alleges that the Proxy Statement otherwise failed to disclose information required by Section 162(m) and Securities and Exchange Commission regulations. (*Id.* at ¶¶ 23-26; 29.) The sum total of the Complaint's allegations regarding the purported negligence of the defendants in connection with the Proxy Statement is two sentences that conclusorily allege that "all the defendants were negligent in that they knew or should have known that the representations concerning the deductibility of the incentive payments were materially false or misleading and omitted material facts" and that "all the defendants were negligent in that they knew or should have known that the omissions concerning the terms and provisions of the performance goals were material." (*Id.* at ¶¶ 30-31.) Plaintiff alleges that these acts "have caused injury to the Company" (*id.* at ¶ 33), demands a jury trial (*id.* at p. 10), and seeks, *inter alia*, "[a]n equitable accounting in favor of the Company for the losses that it has and will sustain by virtue of the conduct alleged herein." (*Id.* at p. 10, ¶ D.)

5

# ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) AND THE PRIVATE SECURITIES LITIGATION REFORM ACT.**

   A. **The PSLRA's Heightened Pleading Standards.**

To state a claim under Section 14(a), 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, plaintiff must allege: (1) that the defendants made a material misrepresentation or omission in a proxy statement; (2) with the requisite state of mind; (3) that caused the plaintiff's injury; and (4) was an essential link in the accomplishment of the transaction. *See, e.g., In re Reliance Sec. Litig.*, 135 F. Supp. 2d 480, 511 (D. Del. 2001) (*citing Gen. Elec. Co. by Levit v. Cathcart*, 980 F.2d 927, 932 (3d Cir. 1992)). *Accord Nat'l Home Prods., Inc. v. Gray*, 416 F. Supp. 1293, 1312 (D. Del. 1976) (evaluating various alleged proxy misstatements under the Section 14(a) elements). The Third Circuit has long held that, to prevail on a Section 14(a) claim, a plaintiff has the burden of pleading and proving, at a minimum, that defendants acted negligently with respect to the proxy statement. *See, e.g., Gould v. Am.-Hawaiian S.S. Co.*, 535 F.2d 761, 777-78 (3d Cir. 1976).

Congress passed the PSLRA in 1995, in part to protect public companies against various "abusive litigation" practices. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2504 (2007). Among its reforms, the PSLRA instituted a series of heightened pleading requirements to ensure that private actions containing accusations of violations of the Securities Exchange Act are supported by specific and strong factual bases, rather than mere conjecture or hindsight. These pleading requirements are intended to "provide[] an increased measure of protection for [the defendants'] reputations, and [to] reduce[] the number of frivolous suits brought solely to extract settlements." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). Thus, as this Court has recently observed, "the typical analysis under Rule

12(b)(6) has been modified by the PSLRA." *Baker v. MBNA Corp.*, 2007 U.S. Dist. LEXIS 48892, at *10 (D. Del. July 6, 2007) (Sleet, J.). One such change is where a cause of action requires proof of a party's state of mind, to withstand dismissal at the pleading stage, a plaintiff must allege facts sufficient to create a "*strong* inference" – *i.e.*, not merely a reasonable or possible inference – that each defendant acted with the required state of mind as to each alleged false statement. 15 U.S.C. § 78u-4(b)(2) (emphasis added).

In this regard, the PSLRA requires specific and particularized facts, and courts must "disregard catch-all or blanket assertions that do not live up to the particularity requirements of the statute." *Baker*, 2007 U.S. Dist. LEXIS 48892, at *10 (internal citations and quotation marks omitted). And as the Supreme Court has recently explained, in considering a motion to dismiss, the district court must weigh the competing inferences to be drawn from the particularized facts alleged and conclude that the inference that emerges is "cogent and compelling, thus strong in light of other explanations" and that a "reasonable person would deem the [requested inference]. . . at least as compelling as any [plausible] opposing inference one could draw from the facts alleged." *Tellabs*, 127 S. Ct. at 2510. The PSLRA provides that complaints that do not satisfy these pleading requirements "shall" be dismissed. 15 U.S.C. § 78u-4(b)(3)(A).

Claims under Section 14(a) are subject to the heightened pleading requirements of the PSLRA. *See, e.g., In re Zoran Corp. Deriv. Litig.*, 2007 WL 1650948, at *22 (N.D. Cal. June 5, 2007); *Bond Opportunity Fund v. Unilab Corp.*, 2003 WL 21058251, at *3 (S.D.N.Y. May 9, 2003); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1267 (N.D. Cal. 2000). Accordingly, "a Section 14(a) plaintiff must plead with particularity facts that give rise to a strong inference of negligence" on the part of *each* defendant. *In re McKesson HBOC, Inc. Sec.*

7

*Litig.*, 126 F. Supp. 2d at 1267; *see also In re Zoran Corp. Deriv. Litig.*, 2007 WL 1650948, at *22 (plaintiff "must plead particular facts as to *each* defendant's negligence.") (emphasis added).

### B. The Complaint Does Not Plead Any Facts Giving Rise to a Strong Inference of Negligence.

In the context of a proxy statement, the issue of whether an individual defendant acted negligently is an inherently-fact intensive inquiry focused on all of the circumstances presented, including the defendant's "particular position with the corporation and his relationship to the pertinent information held to be erroneously or incompletely stated in the proxy materials," *Gould v. Am.-Hawaiian S.S. Co.*, 351 F. Supp. 853, 865 (D. Del. 1972), the good-faith reliance on legal and financial experts, *id.*; *see also* 8 Del. C. 141(e) (authorizing good faith reliance on experts under Delaware law), and other relevant factors bearing on the overall factual context of the alleged violations. *See generally In re Reliance Sec. Litig.*, 135 F. Supp. 2d at 511-16. The negligence of any particular individual may not simply be presumed as a matter of law. *See, e.g., Shidler v. All Am. Life & Fin. Corp.*, 775 F.2d 917, 926 (8th Cir. 1985) ("strict liability is not the appropriate standard of liability under the statute and its appurtenant SEC rule 14a-9.").

Here, plaintiff has not alleged *any* facts, much less facts giving rise to a "strong inference," that each defendant acted with the required state of mind. In the first place, plaintiff pleads no facts setting forth the purported negligence on an individual, defendant-by-defendant basis, as it must under the PSLRA. *See, e.g., Bond Opportunity Fund*, 2003 WL 21058251, at *3. More fundamentally, however, plaintiff simply alleges *no facts at all* to support any claim of negligence. Instead, as noted above, the Complaint merely conclusorily alleged that "defendants" were "negligent" with respect to the Proxy Statement. (Compl. at ¶¶ 30-31.) The Complaint alleges no facts concerning the process the Board of Directors followed in determining to recommend the Plan to shareholders, including who was involved in that process,

who was provided the pertinent documents, the reasons why that process was unreasonable under all of the circumstances, as well as the process by which the Proxy Statement itself was created, reviewed, and disseminated.

There appears to be good reason why the plaintiff has not included such details in its Complaint. That is because the Proxy Statement upon which plaintiff bases its claim plainly indicates that, in fact, the directors did undertake a detailed process in connection with their review of the Company's short-term compensation programs, including the retention of a respected compensation consultant, Frederic W. Cook & Co., Inc., to advise them. (Proxy Statement at 33.) These facts, which are properly considered on a motion to dismiss, negate an inference of negligence. *See, e.g., Bond Opportunity Fund*, 2003 WL 21058251 (dismissing claims where, *inter alia*, plaintiff failed to allege any facts suggesting that work done by company's financial advisors was inaccurate or that defendants unreasonably relied on that work); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (granting motion to dismiss where facts alleged indicated that directors reasonably relied on work done by outside accounting firm and there were no facts to suggest that the directors had been negligent in not being aware of the alleged proxy statement misstatements).

Rather than attempt to comply with the PSLRA, plaintiff asserts in its complaint the erroneous legal position that because it is seeking an injunction, it is not required to establish a culpable state of mind on the part of the individual defendants. (*See* Compl. at ¶ 32.) This is wrong for two reasons. *First*, plaintiff *is* seeking money damages, in the form of an accounting for the "losses" that the Company "has and will sustain by virtue of the conduct alleged herein." (*Id.* at p. 10, ¶ D); *see, e.g., Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979) ("A plaintiff cannot transform a claim for damages into an equitable action by asking for an

9

injunction that orders the payment of money."); *see also Rubery v. Radian Group, Inc.*, 2007 WL 1575211, at *9 (E.D. Pa. May 31, 2007) (holding that "[p]laintiff's demand for a 'constructive trust' is tantamount to a demand for 'damages'" under closely-related Securities Litigation Uniform Standards Act, enacted by Congress to prevent plaintiffs from circumventing pleading requirements of the PSLRA). *Second*, courts in this circuit have regularly held that proof of negligence is required with respect to claims for equitable or injunctive relief. *See, e.g., In re Westinghouse Sec. Litig.*, 832 F. Supp. 989, 1001-02 (W.D. Pa. 1993); *Bolger v. First State Fin. Servs.*, 759 F. Supp. 182, 193 (D.N.J. 1991); *Bertoglio v. Texas Int'l Co.*, 488 F. Supp. 630, 651-52 (D. Del. 1980). Count I should be dismissed.

## II.   PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED.

Plaintiff's state law claims in Count II must also be dismissed, for two separate and independent reasons. *First*, under Delaware law, the elements of a claim involving disclosures under Delaware law are substantially the same as a claim under Section 14(a). *See, e.g., Krim v. ProNet, Inc.*, 744 A.2d 523, 527 (Del. Ch. 1999). While those claims are not governed by the PSLRA, even under Rule 8(a), "the court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Baker v. MBNA Corp.*, 2007 U.S. Dist. LEXIS 48892, at *8 (D. Del. July 6, 2007) (internal citation and quotation marks omitted). Instead, a complaint alleging that directors and officers breached their fiduciary duties of care, which is all that plaintiff has alleged here, must contain well-pleaded facts to overcome the presumption that the defendants acted in good faith and therefore are protected by the business judgment rule. *See, e.g., In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d at 1278. As discussed above, the complaint contains absolutely nothing on this score.

*Second*, upon dismissal of plaintiff's Section 14(a) claims, the Court lacks jurisdiction over plaintiff's state law claims. The only basis for federal jurisdiction over plaintiff's state law

claims is the Court's supplemental jurisdiction. This basis of jurisdiction "allows federal courts to hear and decide state law claims along with federal law claims when they are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Lemon Bay Partners LLP v. Hammonds*, 2007 U.S. Dist. LEXIS 46143, at *15 (D. Del. June 26, 2007) (*quoting* 28 U.S.C. § 1367(a)). However, when a district court dismisses before trial the claims over which it had original jurisdiction, it "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *see also* 28 U.S.C. § 1367(c) (giving district courts discretion to decline to hear state claims that they would have supplemental jurisdiction to entertain under § 1367(a)). Here, none of these factors is present. The case is still at an early stage, and, as such, no reasons of convenience and fairness to the parties suggest that this case should remain in this Court despite the absence of any well-pleaded federal cause of action.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint.

OF COUNSEL:

Thomas F. Ryan
Walter C. Carlson
James W. Ducayet
Sharlene P.B. Hobson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

Dated: September 10, 2007
817947

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky and Richard F. Ziegler*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on September 10, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY**

Seth D. Rigrodsky, Esq.
Brian D. Long, Esq.
Rigrodsky & Long, P.A.
919 N. Market Street, Suite 980
Wilmington, DE 19801
srigrodsky@rigrodskylong.com; blong@rigrodskylong.com

Daniel A. Dreisbach, Esq.
Steven J. Fineman, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
dreisbach@rlf.com; fineman@rlf.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com