IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS<br>WORKERS LOCAL NO. 14,<br><br>                Plaintiff,<br><br>        -against-<br><br>GEORGE W. BUCKLEY, LINDA G.<br>ALVARADO, VANCE D. COFFMAN,<br>MICHAEL L. ESKEW, W. JAMES<br>FARRELL, HERBERT L. HENKEL,<br>EDWARD M. LIDDY, ROBERT S.<br>MORRISON, AULANA L. PETERS,<br>ROZANNE L. RIDGEWAY, PATRICK D.<br>CAMPBELL, MOE S. NOZARI,<br>FREDERICK J. PALENSKY, RICHARD<br>F. ZIEGLER,<br><br>                Defendants<br><br>And<br><br>3M COMPANY,<br><br>        Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 07-cv-00416-GMS |

REPLY DECLARATION OF A. ARNOLD GERSHON IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, A. ARNOLD GERSHON, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct.

1

1. I am a member of the bar of the State of New York and an inactive member of the bar of the State of Georgia. I am a partner in the firm Barrack, Rodos & Bacine, and we are of counsel to the plaintiff in this action.

2. I make this declaration in support of the plaintiff's reply to defendants' opposition to the motion for summary judgment.

3. Attached hereto as Exhibit 1 is the H.R. Conf. Rep. No. 103-213, 103rd Cong. 1st Sess. 1993, 1993 U.S. Code and Admin. News 1088, 1993 WL 302291, pp. 587-88.

4. Attached hereto as Exhibit 2 is the cover page of the *Manual of Publicly Available Telephone Interpretations.* I obtained it from the official webside of the United States Securities and Exchange Commission.

Dated: New York, New York
       September 20, 2007

_A. Arnold Gershon_

3M\AAGDECLEISOJUJ

2

# EXHIBIT 1

H.R. CONF. REP. 103-213                                                    Page 526
H.R. CONF. REP. 103-213, H.R. Conf. Rep. No. 213, 103RD Cong., 1ST Sess.
1993, 1993 U.S.C.C.A.N. 1088, 1993 WL 302291 (Leg.Hist.)
(Cite as: H.R. CONF. REP. 103-213, 1993 U.S.C.C.A.N. 1088)

as to the exact number of options that are granted to an executive, provided that the maximum number of options that the individual executive may receive during a specified period is predetermined.

Stock-based compensation is not treated as performance-based if it is dependent on factors other than corporate performance. For example, if a stock option is granted to an executive with an exercise price that is less than the current fair market value of the stock at the time of grant, then the executive would have the right to receive compensation on the exercise of the option even if the stock price decreases or stays the same. Thus, stock options that are granted with an exercise price that is less than the fair market value of the stock at the time of grant do not meet the requirements for performance-based compensation. Similarly, if the executive is otherwise protected from decreases in the value of the stock (such as through automatic repricing), the compensation is not performance-based.

In contrast to options or other stock appreciation rights, grants of restricted stock are not inherently performance-based because the executive may receive compensation even if the stock price decreases or stays the same. Thus, a grant of restricted stock is treated like cash compensation and does not satisfy the definition of performance-based compensation unless the grant or vesting of the restricted stock is based upon the attainment of a performance goal and otherwise satisfies the standards for performance-based compensation under the bill.

Compensation does not qualify for the performance-based exception if the executive has a right to receive the compensation notwithstanding the failure of (1) the compensation committee to certify attainment of the performance goal (or goals) or (2) the shareholders to approve the compensation.

Definition of outside directors.-For purposes of the exception for performance-based compensation, a director is considered an outside director if he or she is not a current employee of the corporation (or related entities), is not a former employee of the corporation (or related entities) who is receiving compensation for prior services (other than benefits under a tax-qualified pension plan), was not an officer of the corporation (or related entities) at any time, and is not currently receiving compensation for personal services in any capacity (e.g., for services as a consultant) other than as a director.

Shareholder approval and adequate disclosure.-In order to meet the shareholder approval requirement, the material terms under which the compensation is to be paid must be disclosed and, after disclosure of such terms, the compensation must be approved by a majority of shares voting in a separate vote.

In the case of performance-based compensation paid pursuant to a plan (other than a stock option plan), the shareholder approval **1277 *588 requirement generally is satisfied if the shareholders approve the specific terms of the plan, including the class of executives to which it applies. In the case of a stock option plan, the shareholders generally must approve the specific terms of the plan, the class of executives to which it applies, the option price (or formula under which the price is determined), and the maximum number of shares subject to option that can be awarded under the plan to any executive. Further shareholder approval of payments under a plan or grants of options is not required after the plan has been approved. Of course, if there are material changes to the plan, shareholder approval would have to be obtained again in order for the exception to apply to payments under the modified plan.

It is intended that not all the details of a plan (or agreement) need be disclosed in all cases. In developing standards as to whether disclosure of the terms of a plan or agreement is adequate, the Secretary should take into account

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H.R. CONF. REP. 103-213                                                              Page 527
H.R. CONF. REP. 103-213, H.R. Conf. Rep. No. 213, 103RD Cong., 1ST Sess.
1993, 1993 U.S.C.C.A.N. 1088, 1993 WL 302291 (Leg.Hist.)
(Cite as: H.R. CONF. REP. 103-213, 1993 U.S.C.C.A.N. 1088)

the SEC rules regarding disclosure. To the extent consistent with those rules, however, disclosure should be as specific as possible. It is expected that shareholders will, at a minimum, be made aware of the general performance goals on which the executive's compensation is based and the maximum amount that could be paid to the executive if such performance goals were met. For example, it would not be adequate if the shareholders were merely informed that an executive would be awarded $x "if the executive meets certain performance goals established by the compensation committee."

Under present law, in the case of a privately held company that becomes publicly held, the prospectus is subject to the rules similar to those applicable to publicly held companies. Thus, if there has been disclosure that would satisfy the rules described above, persons who buy stock in the publicly held company will be aware of existing compensation arrangements. No further shareholder approval is required of compensation arrangements existing prior to the time the company became public unless there is a material modification of such arrangements. It is intended that similar rules apply in the case of other business transactions.

Compensation payable under a written binding contract

Remuneration payable under a written binding contract which was in effect on February 17, 1993, and at all times thereafter before such remuneration was paid is not subject to the deduction limitation.

Compensation paid pursuant to a plan qualifies for this exception provided that the right to participate in the plan is part of a written binding contract with the covered employee in effect on February 17, 1993. For example, suppose a covered employee was hired by XYZ Corporation on January 17, 1993, and one of the terms of the written employment contract is that the executive is eligible to participate in the "XYZ Corporation Executive Deferred Compensation Plan" in accordance with the terms of the plan. Assume further that the terms of the plan provide for participation after 6 months of employment, amounts payable under the plan are not subject to discretion, and the corporation does not have the right to amend materially the plan or terminate the plan (except on a prospective basis before any services are performed with respect *589 **1278 to the applicable period for which such compensation is to be paid). Provided that the other conditions of the binding contract exception are met (e.g., the plan itself is in writing), payments under the plan are grandfathered, even though the employee was not actually a participant in the plan on February 17, 1993. [FN47]

The fact that a plan was in existence on February 17, 1993, is not by itself sufficient to qualify the plan for the exception for binding written contracts.

The exception for remuneration paid pursuant to a binding written contract ceases to apply to amounts paid after there has been a material modification to the terms of the contract. The exception does not apply to new contracts entered into or renewed after February 17, 1993. For purposes of this rule, any contract that is entered into on or before February 17, 1993, and that is renewed after such date is treated as a new contract entered into on the day the renewal takes effect. A contract that is terminable or cancelable unconditionally at will by either party to the contract without the consent of the other, or by both parties to the contract, is treated as a new contract entered into on the date any such termination or cancellation, if made, would be effective. However, a contract is not treated as so terminable or cancelable if it can be terminated or cancelled only by terminating the employment relationship of the covered employee.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2



Home | Jobs | Fast Answers | Site Map | **Search**

U.S. Securities and Exchange Commission

## Manual of Publicly Available Telephone Interpretations

**Compiled by the Office of Chief Counsel, Division of Corporation Finance**

About the SEC
Filings (EDGAR)
Regulatory Actions
**Staff Interps**
    Accounting Bulletins
    Legal Bulletins
    Telephone Interps
    No Action Letters
Investor Info
News & Statements
Litigation
Information for...
Divisions

### About the Manual

The Division of Corporation Finance responds to thousands of telephone inquiries annually concerning the statutes, rules and regulations it administers. While the statements made by members of the staff on the telephone are intended to be helpful to the persons making the inquiries, they are not binding due to their highly informal nature. This manual, which is a public compilation of certain responses to telephone inquiries, was first developed for staff training and discussion purposes.

The responses discussed in this manual do not necessarily reflect the views and policies of the Commission or the Division of Corporation Finance. These responses are not rules, regulations, or statements of the Commission. Further, the Commission has neither approved nor disapproved these responses. The responses discussed in this manual do not necessarily contain a discussion of all material considerations necessary to reach the conclusions stated. Accordingly, these responses are intended as general guidance and should not be relied on as definitive. There can be no assurance that the information in this manual is current, as the positions expressed may change without notice.

This manual is updated periodically. When a new or updated section is added to the manual, the date of the update and the fact that it is new or updated will be noted in the index on this page. In order to facilitate the updating of this manual, responses in any updated portions of the manual have been renumbered. New or updated portions of the manual will have this same numbering system in order to facilitate the future addition or deletion of responses. Further, letter designations for each of the substantive sections of the manual have been removed from the index and should no longer be regarded as indicating the relative order of the sections. As each substantive section is updated, the letter designation will be removed from the underlying document as well.

### Index

Securities Act Sections (July 1997)