IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) ) ) | C.A. No. 07-416-GMS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERG L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER TO THE DISTRICT OF MINNESOTA**

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19801
*Attorneys for Plaintiff*

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Regina M. Calcaterra
Gloria Kui Melwani
1350 Broadway, Suite 1001
New York, New York 10018
*Of Counsel*

October 11, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................................. 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 3

ARGUMENT ................................................................................................................................. 5

    I.    DEFENDANTS' MOTION TO TRANSFER ................................................................ 5

        A.    The Applicable Standard ...................................................................................... 5

        B.    Convenience and Fairness Weigh In Favor Of Keeping This Action In the District of Delaware ............................................................................................. 6

            1.    The Private Interests To Be Considered .................................................. 7

            2.    The Public Interests To Be Considered ................................................. 10

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998) ................................. 5

*American High-Income Trust v. AlliedSignal Inc.*, 2002 WL 373473 .............................. 8

*Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*, 2006 WL 3783477 (D. Del. Dec. 21, 2006) ................................................................. 9

*Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128 (D. Del. 1999) .... 3

*Dollar Discount Stores of America, Inc. v. Petrusha*, 2001 WL 881725 (E.D. Pa. Apr. 25, 2001) ............................................................................................... 11

*Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F.Supp. 669 (E.D. Pa. 1997) .................... 7, 8

*In re ML-Lee*, 816 F.Supp. 973 (D. Del. 1993) ............................................................ 11

*In re Topps Co. Shareholders Litig.*, 924 A.2d 951 (Del. Ch. 2007) ............................ 10

*Jumara v. State Farms Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .................................. passim

*Lowery v. Great Lakes Dredge & Dock Co.*, 2001 WL 818548 (E.D. Pa. Jul. 18, 2001) .................................................................... 8, 9

*Schuur v. Walt Disney Co.*, 1998 WL 190321 (S.D.N.Y. 1998) ..................................... 8

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) ............................................... 6

*Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438 (E.D. Pa. 1999) ...... 7

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ................................................................ 3

**Statutes**

28 U.S.C. §1404(a) ........................................................................................ 1, 3, 5, 11

**Treatises**

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* (2d ed. 2004) ........................................................................................... 10

Plaintiff, Insulators ad Asbestos Workers Local No. 14 Pension Fund, by its attorneys, submits this brief in support of its opposition to defendants' motion to transfer the above-captioned matter to the District of Minnesota. This opposition is supported by the declaration of A. Arnold Gershon, dated October 11, 2007 (the "Gershon Decl.").

## NATURE AND STAGE OF PROCEEDINGS

This is a stockholder's derivative action on behalf of 3M Company, a Delaware corporation ("3M" or the "Company"), against its directors, who distributed a proxy statement that is materially incomplete, inadequate, false and misleading. Other defendants in this action are the "named executive officers." 26 U.S.C. §162(m)(3)(B); 17 C.F.R. §229.402(a)(3); 26 C.F.R. §1.162-27(c)(2). Plaintiff filed its complaint on June 28, 2007. The present action has been litigated in the District of Delaware since June 28, 2007. Since the filing of the complaint on that date, plaintiff has filed a motion for summary judgment on August 21, 2007, which is currently pending in this court. On September 10, 2007, defendants filed a motion to dismiss based on the failure to make a rule 23.1 demand, a motion to dismiss for failure to state a claim, and a motion to transfer to the District of Minnesota, as well as their answering brief to plaintiff's motion for summary judgment.

## SUMMARY OF ARGUMENT

1.  Defendants fail in their burden to demonstrate adequate grounds in their motion to transfer the present action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §1404 and their motion should be denied. *See Jumara v. State Farms Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

2.  This court is not inconvenient for 3M, which has a long history of litigating in this court. 65 years ago, in 1943, the Company litigated in *Minnesota Min. & Mfg. Co. v.*

*Carborundum Co.*, 3 F.R.D. 5 (D. Del. 1943), which was one of Judge Leahy's first cases as a judge in this court. As late as 2004, the Company brought an action in this court after it had filed with the International Trade Commission, and the court entered a mandatory stay under 28 U.S.C. §1659(a). In between the two cases, there were *Johnson & Johnson Orthopaedics, Inc. v. Minnesota Min. & Mfg. Co.*, 715 F.Supp. 110 (D. Del. 1989); *Freeman v. Minnesota Min. & Mfg. Co.*, 1989 WL 151213 (D. Del. Dec. 12, 1989); *Minnesota Min, and Mfg. Co. v. Dentsply Intern., Inc.*, 1994 WL 827735 (D. Del. Nov. 1, 1994); *Avery Dennison Corp. v. Minnesota Min. & Mfg.*, 2001 WL 1339402 (D. Del. Oct. 26, 2001), among others.

3. Here, the parties and the non-party witnesses are not concentrated in Minnesota. Only four out of the fifteen individual parties have residences in Minnesota, and only one defendant, Frederick J. Palensky, exclusively resides in Minnesota; the other three named executive officers have second homes in other states. All other defendants have homes in other states or travel frequently outside of Minnesota. Traveling from those states to Delaware is no less convenient than traveling to Minnesota for the parties and witnesses.

4. In addition, defendants have not indicated who each of the non-party witnesses are, what specifically their testimony will be, and how they would be actually inconvenienced if this case remains in Delaware. The only information given is that these potential fact witnesses are 3M employees with first-hand knowledge of facts and circumstances regarding the allegations in the Complaint. Defendants only listed a few employees' names as possible potential witnesses. (Larson Decl. ¶ 12). Since these are employees of the Company they may be compelled to testify in Delaware regardless of where they reside.

5. There is no efficiency to be gained by uprooting this litigation and transplanting it to Minnesota. Minnesota is no more convenient than Delaware to the parties located in California,

Connecticut, Illinois, Georgia, New Mexico, Pennsylvania, North Carolina, Missouri, Nevada, Maryland, New York, New Jersey, Florida, Virginia, Wisconsin.

6.  Merely shifting the inconvenience between the parties is not enough to shift the balance of convenience in favor of a transfer. *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 132 (D. Del. 1999). As the Supreme Court has noted, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

7.  In sum, defendants fail to establish that this Court should override plaintiff's choice of venue.

## STATEMENT OF FACTS

For the annual meeting of 3M's stockholders on May 8, 2007, the proxy statement solicited stockholder approval of the 3M Annual Incentive Plan (the "Plan"). The Proxy Statement represented that the proposed Plan would replace the old, nondeductible Executive Profit Sharing Plan, and that under the proposed Plan the named executive officers' compensation would be deductible by the Company for federal income tax purposes if the Plan is approved by the stockholders. But if the stockholders were to fail to approve the Plan, the proxy statement said that the Company might implement it without stockholder approval and make payments to the named executive officers anyway. Or, the proxy statement represented, the Company might revive the old plan that the new Plan was supposed to have replaced, or the Company might select some other method of paying bonuses.

The proxy statement also omitted to disclose the maximum bonus that can be paid to any one employee or the formula used to calculate that bonus, the New Plan Benefits Table, and the

approximate number of participants in the Plan. All these omitted facts were required to be disclosed by federal regulations.

3M is incorporated under the laws of Delaware and maintains its principal place of business and executive offices in the state of Minnesota. The Company has previously litigated in this forum in many cases spanning from 1964 to 2004. In fact, 3M has brought suit in the District of Delaware in patent infringement claims when Delaware suits its convenience. *See 3M Innovative, et al. v. Imaging Automation*, 02-CA-01658; *3M Company, et al. v. Boss Auto Import SA, et al.*, 04-CA-01471.

Of the 15 individual defendants, only 4 reside in Minnesota, and only one of them exclusively resides there. Of the 14 other individual defendants, the members of the Compensation Committee are the likely witnesses since the central issues involve executive compensation. None of them resides in Minnesota. *See* Gershon Decl. Exh. 1. For instance, the four defendants who are members of the Compensation Committee that adopted the 3M Executive Annual Incentive Plan (the "Plan"), Vance D. Coffman, Robert S. Morrison, Aulana L. Peters, and Rozanne L. Ridgway, reside respectively, in California, Illinois, California, and in a Virginia suburb of Washington D.C. Kevin W. Sharer, whom we anticipate to be a potential witness, also resides in a suburb of Washington D.C. Henkel resides in North Carolina; Liddy has homes in Illinois, New Jersey, and South Carolina. Ziegler was recently named a partner in the New York office of the law firm Jenner & Block.

Defendants represent that "[t]he Company has also identified several potential third-party fact witnesses with first-hand knowledge of facts and circumstances regarding the allegations in the Complaint. These witnesses include 3M's independent accountants." (Larson Decl. ¶ 13).

But defendants do not say what the testimony of these purported witnesses will be. Nor do they provide a list of the intended witnesses' names.

Minnesota is not the forum that is chiefly interested. 3M is incorporated in Delaware, and the board and the stockholders expressly agreed that the Plan by its terms is governed by Delaware law. 3M has previously litigated in Delaware.

## ARGUMENT

I. **DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a) SHOULD BE DENIED**

A. **The Applicable Standard**

Motions to transfer under 28 U.S.C. §1404(a) lie within the discretion of the district court and are determined upon principles of convenience and fairness on a case-by-case basis. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988). The court should examine "all relevant factors to determine whether, on balance, the litigation would more conveniently proceed and the interests of justice [would] be better served by a transfer to a different forum." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196-7 (D. Del. 1998) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (alteration in original)).

The burden of establishing the need to transfer rests with the movant to show that the balance of convenience of the parties and witnesses strongly "weigh[s] in favor of the transfer, and 'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Stewart*, 487 U.S. at 25 (quoting *Owatonna Manufacturing Company v. Melroe Company*, 301 F.Supp. 1296, 1307 (D. Minn. 1969) (internal citations omitted)).

Where, as here, the action is properly brought in the present district, the next step for the district court is to evaluate a number of private and public interest factors to determine whether transfer is appropriate. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private interests to be considered may include the following: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendants' preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879.

The public interests to be considered may include: (1) the enforceability of the judgment; (2) practical considerations that could expedite or simplify trial; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the judge with the applicable state law in diversity cases. *Id.*

Movants fail to demonstrate that these factors point strongly to their chosen forum. Instead, these factors demonstrate that Minnesota is no more favorable than Delaware. Thus, in this case, Movants have failed to meet their burden of showing that the relevant factors weigh at all in favor of a transfer to Minnesota. This Court should retain control of the case at bar and deny defendants' motion.

    B.    **Convenience and Fairness Weigh In Favor Of Keeping This Action In the District of Delaware**

At a threshold matter, the burden of establishing the inconvenience of forum rests with the proponent of the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 26 (3d Cir. 1970).

Movants have failed to meet their burden on their motion to transfer as none of the facts weighs strongly in favor of a transfer. Actually, due consideration of all of the relevant factors in this case militate against transfer.

### 1. The Private Interests To Be Considered

The *Jumara* court stated plaintiff's forum preference as manifested in the original choice may be considered in a motion for transfer. *Jumara*, 55 F.3d at 879; *In re ML-Lee Acquisition Fund II, L.P.*, 816 F.Supp. 937 (D. Del. 1993) (a class action under the federal securities laws and Delaware law). Here, plaintiff has chosen Delaware, and defendants would prefer to litigate in Minnesota, but Delaware is not inconvenient to the defendants. The Company has had a long-standing preference to litigate in Delaware. *See supra* at p. 2. This change of preference in forum is a surprise to the stockholders who expected the suit to be litigated in Delaware since the directors' and officers' fiduciary duties and the Plan itself are subject to Delaware law. The Plan does not contain a choice of forum provision citing Minnesota as the preferred state for litigation.

### a) Convenience of the Parties As Demonstrated By Their Financial Condition

The convenience of the parties does not weigh in favor of transfer where such transfer would merely shift the inconvenience of litigating in a particular forum from one party to the other. *See Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999); *see also Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F.Supp. 669, 679 (E.D. Pa. 1997). This case involves a Pennsylvania plaintiff, defendants residing in a variety of states, from coast to coast, north and south, and a Delaware corporation. Minnesota cannot be said to be a more convenient forum for all parties involved. Many defendants are in close proximity to Delaware. (Gershon Decl. Exh. 1). In addition, many defendants have second homes in various states across the country, in locations not far away from Delaware. For example, Henkel resides in

North Carolina; Liddy has homes in Illinois, New Jersey and South Carolina. *See Schuur v. Walt Disney Co.*, 1998 WL 190321 *2 (S.D.N.Y. 1998) (the court considered secondary residences in addition to primary residences for convenience of the witnesses analysis). Defendant Ziegler is currently a partner in the New York office of the firm Jenner & Block. In fact, a majority of the parties do not reside in Minnesota.

Moreover, defendants do not demonstrate that their financial condition will prevent them from defending themselves in this Court. In fact, they travel frequently, for business or personal reasons. Movants' argument that the present venue is more inconvenient than the District of Minnesota is simply an effort to shift inconveniences to the plaintiff. *See Elbeco Inc.*, 989 F.Supp. at 679 (the court refused to transfer the case to Texas where the transfer would only serve to shift the inconvenience from the defendant to the plaintiff). Thus, this factor weighs against transfer from the proper venue in the District of Delaware.

### b) Convenience of the Witnesses

Under *Jumara*, the Court is to consider the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in this District. *Jumara*, 55 F.3d at 879. Here, the defendants do not even specify who the witnesses are, or what the testimony these purported witnesses will be. Moreover, defendants have not even established that the parties and witnesses are unwilling to testify in Delaware, or that they are, in fact, testifying. *See Lowery v. Great Lakes Dredge & Dock Co.*, 2001 WL 818548 *2 (E.D. Pa. Jul. 18, 2001).

Also, the convenience of the expert witnesses is of little importance. *See American High-Income Trust v. AlliedSignal Inc.*, 2002 WL 373473 *5 (D. Del. Mar. 7, 2002) ("Expert witnesses or witnesses who are retained by a party to testify carry little weight in determining where the 'balance of convenience' lies because they are 'usually selected [on the basis] of their

reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any.'") (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998)). The defendants have no need to be concerned that the accountants are located in Minnesota. Moreover, this case is not about conflicting interpretations of the term "special items." The issue is whether or not the reasonable stockholder understands what "special items" mean.

Kevin W. Sharer, a former member of the Compensation Committee, is claimed by the defendants as a potential witness. He was not named as a party defendant because he did not stand for reelection. He resides in a Virginia suburb of Washington D.C., which is closer to Delaware than Minnesota.

Defendants indicated that some employees of the Company will be potential witnesses and that they all reside in Minnesota. But "it is unlikely that compulsory process will be required to obtain their testimony." *See Lowery v. Great Lakes Dredge & Dock Co.*, 2001 WL 818548 *2 (E.D. Pa. Jul. 18, 2001). The defendants have presented no evidence to indicate that any of the witnesses would be unavailable for trial in this district. Finally, this court has stated that "a flight to Delaware is not an onerous task warranting transfer." *Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*, 2006 WL 3783477 *2 (D. Del. Dec. 21, 2006).

        c)     **The Location of Relevant Documents and Access to Proof**

Consideration of the location of books and records is "limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Where documents can be produced in the alternative forum the location of these documents is irrelevant to the forum transfer analysis. In fact, in the age of electronic discovery, documents can be sent to and from any forum. *See, e.g., Automotive Technologies Int'l, Inc.* at *2; *see also* 15 Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §3853 (2d ed. 2004) ("Many records are easily transported and their location is entitled a little weight, and this is particularly true with the development of xerography and the easy availability of copies.").

### 2. The Public Interests To Be Considered

The Third Circuit in *Jumara* stated that the following public interests may be considered upon a motion to transfer a case: (1) the enforceability of the judgment; (2) practical consideration that could expedite or simplify trial; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879.

Here, there is no question about the enforceability of judgment, no showing that the case will be tried more simply or quickly in Minnesota or that the District of Delaware is more congested, nothing about the case is local to Minnesota, no showing that the public policies of Minnesota warrant this case be tried there, and no showing that this Court will have any difficulty applying applicable state law. Moreover, the Plan attached to the 2007 Proxy Statement, provides that "[t]he provisions of this Plan shall be governed by, and interpreted and construed in accordance with, the laws of the State of Delaware." Gershon Declaration dated August 10, 2007 Exhb. 5 at p. H-3, ¶14, D.I. 21). It is Delaware law, and not Minnesota law, that will govern most state law issues –such as demand – in this case. Making the Plan subject to Delaware law carries a Delaware interest. The Company is incorporated in Delaware and stockholders have a long understanding that it is Delaware law that will govern disputes. *See In re Topps Co. Shareholders Litig.*, 924 A.2d 951, 962-3 (Del. Ch. 2007).

Moreover, a federal judge in Delaware is more familiar with the Delaware state law than a federal judge in other states. "[I]t is preferable for the court of the state whose substantive law controls to hear the case," *In re ML-Lee*, 816 F.Supp. at 979.

Defendants' efforts to change the forum of this case have nothing to do with the public interest, and everything to do with their desire to move this case to their home base.

Transferring this case to Minnesota at this time is not practical. This will only cause delay in the resolution of issues. We are seeking a ruling before the payment of bonuses. Since there are other motions pending in this court, remaining in this forum will make resolutions of these motions easier and more expeditious. *See, e.g., Dollar Discount Stores of America, Inc. v. Petrusha*, 2001 WL 881725 * 2 (E.D. Pa. Apr. 25, 2001) (considering plaintiff's motion for preliminary injunction when deciding on a transfer motion).

Overall, consideration of the private and public interest factors makes it clear that Movants have failed to meet their burden of strongly demonstrating that transfer to the District of Minnesota is warranted under 28 U.S.C. §1404(a). Accordingly, this motion should be denied.

## CONCLUSION

Most of the parties do not reside in Minnesota. The members of the Compensation Committee are the individuals who are in the best position to serve as witnesses in this case. Not one of them resides in the state of Minnesota. The defendants have not presented any basis as to why the named executive officers who are to participate in the Plan will have any testimony to present on this case. Finally, the defendants have failed to state what evidence will be presented or what witnesses will be presented. For the foregoing reasons, defendants have not shown evidence sufficient to warrant a transfer to the District of Minnesota and their motion to transfer this case should be denied.

Dated: October 11, 2007                                  Respectfully submitted,

                                                         RIGRODSKY & LONG, P.A.

                                                         By: /s/ Brian D. Long
                                                         Seth D. Rigrodsky (#3147)
                                                         sdr@rigrodskylong.com
                                                         Brian D. Long (#4347)
                                                         bdl@rigrodskylong.com
                                                         919 North Market Street, Suite 980
                                                         Wilmington, DE 19801
                                                         (302) 295-5310

                                                         *Attorneys for Plaintiff*

*Of Counsel*:

BARRACK, RODOS & BACINE
Alexander Arnold Gershon
Regina M. Calcaterra
Gloria Kui Melwani
1350 Broadway, Suite 1001
New York, New York 10018
(212) 688-0782

12