IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14, | ) ) ) |
| Plaintiff, | ) ) ) |
| -against- | ) Case No.: 07-cv-00416-GMS ) |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |
| And | ) ) |
| 3M COMPANY, | ) ) |
| Nominal Defendant. | ) |

**PLAINTIFF'S ANSWERING BRIEF IN
OPPOSITION TO MOTION TO DISMISS THE COMPLAINT**

Of Counsel:
Barrack, Rodos & Bacine
Alexander Arnold Gershon
Regina M. Calcaterra
Gloria Kui Melwani
1350 Broadway, Suite 1001
New York, New York 10018
(212) 688-0782

October 11, 2007

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
919 North Market Street, Suite 980
Wilmington, DE 19801
T: 302.295.5310
srigrodsky@rigrodskylong.com
blong@rigrodskylong.com
    Attorneys for Plaintiff

Barrack, Rodos & Bacine
Daniel E. Bacine
Two Commerce Square
2001 Market Street – Suite 3300
Philadelphia, Pennsylvania 19103
(215) 963-0600

# TABLE OF CONTENTS

Table of Cases and Authorities ........................................... (ii)

NATURE AND STAGE OF THE PROCEEDING ............................. 1

SUMMARY OF THE ARGUMENT ....................................... 1

STATEMENT OF FACTS ............................................... 2

ARGUMENT

    I.    THE PLAINTIFF HAS ADEQUATELY
          PLEADED A CLAIM UNDER SECTION
          14(a) OF THE SECURITIES EXCHANGE ACT ................. 6

        A.    The Complaint Meets the Pleading
             Requirements of a Claim under 15 U.S.C. §78n(a) ........ 6

        B.    The Complaint at Bar Is Not Subject to the
             Pleading Standards of 15 U.S.C. § 78u-4(b)(2) ........... 9

    II.   THIS COURT HAS DIVERSITY JURISDICTION ............. 13

CONCLUSION ................................................... 13

## TABLE OF CASES AND AUTHORITIES

*Ash v. LFE Corp.*,
   525 F.2d 215 (3d Cir. 1975) .................................................................. 12

*Blau v. Harrison*,
   C.A. No. 04-C6592, 2006 WL 850959 (N.D. Ill. Mar. 24, 2006) ............... 11

*Bond Opportunity Fund v. Unilab Corp.*,
   C.A. No. 99-11074 (JSM), 2003 WL 21058251 (S.D.N.Y. May 9, 2003) .... 9

*Cal. Public Employees' Retirement System v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) ...................................................................... 10

*Calumet Industries, Inc. v. MacClure*,
   464 F. Supp. 19 (N.D. Ill. 1978) ............................................................... 12

*Cantor v. Perelman*,
   2006 WL 318666 (D.Del. Feb. 10, 2006) .................................................. 12

*In re Cendant Corp. Sec. Litigation*,
   60 F. Supp. 2d 354 (D.N.J. 1999) .............................................................. 11

*Conley v. Gibson*,
   355 U.S. 41 (1957) ..................................................................................... 7

*In re Evangelist*,
   760 F.2d 27 (1st Cir. 1985) ....................................................................... 12

*In re Exxon Mobil Corp. Sec. Lit.*,
   ___ F.3d ___, 2007 WL 2410129 (3d Cir. Aug. 27, 2007) ................. 7, 8, 10

*Grumbkow v. Walt Disney Co.*,
   C.A. No. 06-489-JJF, 2007 WL 570196 (D. Del. Feb. 20, 2007) ................. 7

*Herskowitz v. Nutri/System*,
   857 F.2d 179 (3d Cir. 1988) ....................................................................... 10

*J.I. Case Co. v. Borak*,
   377 U.S. 426 (1964) ..................................................................................... 7

*Jaffee v. U.S.*,
    592 F.2d 712 (3d Cir. 1979) ................................................................ 12

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination*,
    507 U.S. 163 (1993) ............................................................................. 7

*In re McKesson HBOC, Inc. Sec. Litigation*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) ............................................. 9

*Medtronic, Inc. v. Intermedics, Inc.*,
    725 F.2d 440 (7th Cir. 1984) .............................................................. 12

*In re Reliance Sec. Litigation*,
    91 F. Supp. 2d 706 (D. Del. 2000) ................................................. 9, 10

*Ross v. Bernhard*,
    396 U.S. 531 (1970) ............................................................................. 13

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) .............................................................. 7

*Shaev v. Saper*,
    320 F.3d 373 (3d Cir. 2003) ........................................................... 3, 7

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ............................................................................ 7

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
    845 A.2d 1031 (Del.Supr. 2004) ..................................................... 13

*In re U.S. West Sec. Lit.*,
    201 F. Supp. 2d 302 (D.Del. 2002) .................................................. 10

*Virginia Bankshares, Inc. v. Sandberg*,
    501 U.S. 1083 (1991) .......................................................................... 7

*In re Zoran Corp. Deriv. Litig.*,
    C.A. No. 06-05503 (WHA), 2007 WL 1650948 (N.D. Cal. June 5, 2007) ... 9

## STATUTES

SEC Rule 14a-9 C.F.R. § 240.14a .................................................................... 6

15 U.S.C. §78n(a) ............................................................................... 1, 2, 6, 10, 13
15 U.S.C. § 78u-4(b)(2) ............................................................................. 1, 9, 13
15 U.S.C. §78n-4(b)(2) .............................................................................. 2, 9, 13

17 C.F.R. §229.402(a)(3) (Dec. 29, 2006) ....................................................... 1, 5, 8
17 C.F.R. §240.14a-101 (Item 10(a)) ................................................................ 6, 9

26 C.F.R. §1.162-27(e)(2) ................................................................................... 1
26 U.S.C. §162(m)(3)(B) ................................................................................. 1, 2
26 C.F.R. §1.1.62-27(e)(4)(i) ............................................................................... 4

28 U.S.C. §1332 ................................................................................................ 13
28 U.S.C. §1367(a) ............................................................................................ 13

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 7

## MISCELLANEOUS

Prosser & Keeton, LAW OF TORTS, (5th ed. 1984) ........................................... 10

Plaintiff, Insulators and Asbestos Workers Local No. 14 Pension Fund, by its attorneys, submits this brief in opposition to defendants' motion to dismiss for failure to meet the pleading standards of 15 U.S.C. §78u-4(b)(2), and for lack of federal jurisdiction. This opposition is supported by the declaration of A. Arnold Gershon, dated August 10, 2007, D.I. 21 (the "Gershon Decl.").

## NATURE AND STAGE OF THE PROCEEDING

This is a stockholder's derivative action on behalf of 3M Company, a Delaware corporation ("3M" or the "Company"), against its directors, who distributed a proxy statement that is materially incomplete, inadequate, false and misleading. Also defendants in this action are the "named executive officers." 26 U.S.C. §162(m)(3)(B); 17 C.F.R. §229.402(a)(3) (Dec. 29, 2006); 26 C.F.R. §1.162-27(e)(2). Plaintiff filed its complaint on June 28, 2007. Because there are no genuine issues of material fact, plaintiff has moved for summary judgment. Defendants have responded with motions to dismiss the complaint and to transfer the action to the District of Minnesota.

## SUMMARY OF THE ARGUMENT

1. This complaint meets the pleading standards for claims under 15 U.S.C. §78n(a).

2. A claim under 15 U.S.C. §78n(a) is governed by a negligence standard, not fraud.

3. 15 U.S.C. §78u-4(b)(2), concerning plaintiff's recovery of money damages and defendants' state of mind, does not apply to the case at bar.

4. Negligence is not a "state of mind," and therefore 15 U.S.C. §78n-4(b)(2) has no application at bar.

5. This is not an action to "recover money damages," and it is not an action for a recovery by the "plaintiff," and therefore 15 U.S.C. §78n-4(b)(2) has no application at bar.

6. In addition to federal question jurisdiction and supplemental jurisdiction, this court also has jurisdiction based on diversity of citizenship and the amount in controversy.

## STATEMENT OF FACTS

The complaint in this action alleges claims under §14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78n(a), concerning proxy statements. It also alleges that the proxy statement failed to meet the disclosure standards required by 26 U.S.C. §162(m) and the regulations thereunder to secure the valid stockholder approval necessary for tax deductible executive compensation. Finally, it alleges a breach of the fiduciary duties of disclosure under Delaware law.

The complaint draws an easy to follow roadmap of the material misrepresentations and omissions and why the defendants were negligent. Basically, in the face of clear Third

Circuit authority, the defendants ignored that authority, threw caution to the wind, and did exactly what the Third Circuit said not to do. The following is what the complaint alleges.

For the annual meeting of 3M's stockholders on May 8, 2007, the individual defendants, except defendant Henkel, acting as the Company's board of directors, distributed a proxy statement that solicited the stockholders' proxies to be voted in favor of, *inter alia*, the election of defendant Henkel and the re-election of defendants Buckley, Alvarado, Coffman, Eskew, Farrell, Liddy, Morrison, Peters, and Ridgway to the board of directors and approval of the 3M Executive Annual Incentive Plan (the "Plan"). Gershon Decl., ¶5, Exhibit 3, pp. 18-20.

The proxy statement represented that the proposed Plan would replace the old, non-deductible Executive Profit Sharing Plan,[1] and that under the proposed Plan the named executive officers' compensation would be deductible by the Company for federal income tax purposes if the Plan is approved by the stockholders. Gershon Decl. ¶5, Exhibit 3, at pp. 25-27. But if the stockholders were to fail to approve the Plan, the proxy statement said the Company might implement it without stockholder approval and make payments to the named executive officers anyway. Or, the proxy statement represented, the Company might revive the non-deductible Executive Profit Sharing Plan that the new Plan was supposed to have replaced, or the Company might select some other method of paying bonuses.

---

1. Defendants assert that the Executive Profit Sharing Plan was tax deductible. Coffman Decl. ¶4, D.I. 31. That plan paid bonuses on a quarterly basis and, therefore, was not tax deductible. *Shaev v. Saper*, 320 F.3d 373, 380 (3d Cir. 2003).

- 3 -

Gershon Decl. ¶5, Exh. 3, p. 27. But one thing was clear: the Company was going to pay bonuses no matter what.

The defendants threatened and intended to make incentive payments even if the Company's stockholders were to disapprove the Plan. Not only was this threat coercive in its effect, but no vote of the stockholders would have made the incentive payments deductible. Because of the statement about the non-tax-deductible alternatives the Company would consider if the vote failed, the Company would not be entitled to the deduction even if the stockholder vote approved the Plan. 26 C.F.R. §1.1.62-27(e)(4)(i):

> Shareholder Approval General Rule. ... The requirements of this paragraph (e)(4) are not satisfied if the compensation would be paid regardless of whether the material terms are approved by the shareholders.

Accordingly, the representation in the proxy statement that bonuses under the Plan would be deductible if the stockholders approve the Plan was materially false or misleading.

The proxy statement also omitted to disclose the maximum bonus that can be paid to any one employee or the formula used to calculate that bonus. It represented that the maximum was to be a percentage of 3M's adjusted net income, *i.e.,* GAAP net income "as adjusted to exclude special items." Gershon Decl. ¶5, Exh. 3, pp. 26, H-1, ¶2(a). But the proxy statement omitted to identify those "special items."[2] The proxy statement also

---

2.  In opposing plaintiff's motion for summary judgment, defendants argue that special items are reported in the Company's Form 8-Ks in the presentation of unaudited non-GAAP measures. The Proxy Statement, however, omitted any reference to those Forms 8Ks, and "special items" is an uncertain term that is not defined by GAAP or the SEC. *See* Plaintiff Reply Brief in Support of Summary Judgment at

- 4 -

omitted to disclose the number of participants that are not "named executive officers." The proxy statement also omitted a New Plan Benefits Table. All these omitted facts were expressly required to be disclosed by federal regulations.

Plaintiff has alleged that the Plan contained performance metrics, as stated on page 34 of the Proxy Statement, but that they were not disclosed in sufficient detail. Cpl. ¶25. Now the defendants say that the page 34 metrics applied to executives other than the named executive officers and that "the Plan for which shareholder approval was sought does not contain defined 'performance metrics'." (Defendants' brief in opposition to motion for summary judgment, at 24, D.I. 30.) The Treasury Regulations require that a performance goal must be "established in writing ... not later than 90 days after the commencement of the [year]." 26 C.F.R. §1.162-27(e)(2)(i). They also require that the goal must state the method for computing the amount of the bonus in terms of an objective formula or standard, i.e., that "a third party having knowledge of the relevant performance results could calculate the amount to be paid to the employee." 26 C.F.R. §1.162-27(e)(2)(ii). This Plan has no such performance goal because the compensation committee has discretion to determine the bonus. Moreover, the maximum bonus is based on the Company's net income adjusted by excluding "special items," which are vague, uncertain, and undefined by GAAP and SEC regulations. Therefore, no tax deduction is available, and it is false to represent that bonuses under this Plan qualify for tax deductions.

---

pages 3-5, D.I. 36.

- 5 -

Omission of the foregoing disclosures from the proxy statement was a violation of express statutory and regulatory requirements, which require sufficient information to give stockholders the ability to assess whether it will be easy or hard for executive officers to achieve a large bonus, whether achievement of bonuses is substantially uncertain, and whether bonuses will be earned only for genuine accomplishments. For example, a shareholder could not determine from the Proxy Statement whether executive officers can achieve a bonus even if the Company's earnings decline from year to year. Since adjusted net income has no GAAP or SEC definition, and since the committee has unlimited discretion to define adjusted net income and to decide bonuses, the proxy statement was materially false or misleading.

## ARGUMENT

I. **THE PLAINTIFF HAS ADEQUATELY PLEADED A CLAIM UNDER SECTION 14(a) OF THE SECURITIES EXCHANGE ACT**

    A. **The Complaint Meets the Pleading Requirements of a Claim under 15 U.S.C. § 78n(a)**

Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78n(a), makes it "unlawful" to solicit proxies in contravention of Securities and Exchange Commission ("SEC") rules. SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, prohibits solicitations "containing any statement which ... is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make statements therein not false or misleading." When a proxy statement solicits stockholder approval of a compensation plan,

such as the Plan at bar, SEC regulations require the proxy statement to disclose the approximate number of participants in the plan, and a New Plan Benefits Table. 17 C.F.R. §240.14a-101 (Item 10(a)). The Supreme Court has explained: "The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J.I. Case Co. v. Borak*, 377 U.S. 426, 431 (1964). The Supreme Court has also explained: "The point of a proxy statement, after all, should be to inform, not to challenge the reader's critical wits." *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1047 (1991), a point applied by the Third circuit in *Shaev v. Saper*, 320 F.3d 373, 379 (3d Cir. 2003).

The plaintiff's §14(a) claim at bar is subject to the liberal system of notice pleading established by the Federal Rules of Civil Procedure, which require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination*, 507 U.S. 163, 168 (1993). Under Rule 8, a plaintiff is not required to "allege affirmatively every aspect of his claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense." *Grumbkow v. Walt Disney Co.*, C.A. No. 06-489-JJF, 2007 WL 570196, at *4 (D. Del. Feb. 20, 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Roth v. Jennings*, 489

F.3d 499, 510 (2d Cir. 2007) (under Rule 8, "the district court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally"). *In re Exxon Mobil Corp. Sec. Lit.*, ___ F.3d ___, 2007 WL 2410129 at *1 n.1 (3d Cir. Aug. 27, 2007).

Here, the complaint gives more than adequate notice to the defendants of the plaintiff's § 14(a) claim and the grounds upon which it rests. Plaintiff has alleged that "the Proxy Statement contains materially false or misleading statements and omissions concerning the tax deductibility of payments made under the Plan and the standards and variables used for determining bonuses under the Plan and the amounts of those bonuses." ¶13(c). Specifically, the Proxy Statement states that under the proposed Plan the "executive officers' compensation would be deductible by the Company for federal income tax purposes if the Plan were to be approved by the stockholders, but if the stockholders fail to approve the Plan the Company would not terminate the Plan, but instead would implement it without stockholder approval and make payments to the executive officers anyway." ¶20. The plaintiff has alleged that this representation is materially false or misleading because "even if the stockholders did vote for the Plan, the Company would not get the deduction." ¶22. "Because the defendants threatened and intended to pay the bonuses even if the Company's stockholders disapproved the Plan, no vote of the stockholders would make it deductible." *Id.*

The plaintiff has further alleged that the Proxy Statement fails to disclose the following material facts regarding the terms and provisions of the Plan and the deductibility of the incentive payments:

- The "maximum bonus under the Plan that could be paid to any employee or the formula used to calculate the amount of such bonus if the performance goal is attained," as required to be disclosed by the Treasury Regulations, 26 C.F.R. §1.162-27(e)(4)(i), ¶ 23;

- The "approximate number of persons in the class of Plan participants who are not Named Executive Officers," as required to be disclosed by 17 C.F.R. §240.14a-101 (Item 10(a)(1)); ¶24;

- The meaning of the word "Adjusted" in the representation in the Proxy Statement that the "maximum bonus payable to each employee is a percentage of the Adjusted Net Income," ¶26;

- The New Plan Benefits Table, as required by 17 C.F.R. §240.14a-101 (Item 10(a)(2)); ¶29.

These allegations are sufficient to meet the liberal notice pleading requirements set forth in Rule 8(a).

### B. The Complaint at Bar Is Not Subject to the Pleading Standards of 15 U.S.C. § 78u-4(b)(2)

Defendants argue that the plaintiff is required to plead with particularity facts giving rise to a "strong inference of negligence on behalf of each defendant," in keeping with the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78n-4(b)(2) (1998). Def. Mem. at 7.[3] Defendants are correct that

---

3. Citing *In re Zoran Corp. Deriv. Litig.*, C.A. No. 06-05503 (WHA), 2007 WL 1650948, at *22 (N.D. Cal. June 5, 2007); *Bond Opportunity Fund v. Unilab*

according to the law of this Circuit, a showing of negligence, rather than scienter, is sufficient to support a § 14(a) claim. *See In re Reliance Sec. Litig.*, 91 F. Supp. 2d 706, 729 (D. Del. 2000) ("Under Third Circuit law, negligence, not scienter, is the standard of liability under Rule 14a-9"); *Herskowitz v. Nutri/System*, 857 F.2d 179, 189-90 (3d Cir. 1988) (noting that the standard required for a §14(a) violation is only "negligence," and is thus less stringent than the scienter requirement of §10(b)). However, the plaintiff is *not* required to plead a "*strong inference* of negligence" or to meet the PSLRA's heightened pleading requirements with respect to this claim. As this Court has held, since the standard of liability under Rule 14a-9 is negligence, not scienter, the PSLRA pleading requirements do not apply to claims brought under §14(a), 15 U.S.C. §78n(a). *See In re Reliance*, 91 F. Supp. 2d at 729 (refusing to apply the heightened pleading requirements of 15 U.S.C. §78n-4(b)(2) to plaintiffs' Rule 14a-9 claims); *In re U.S. West Sec. Lit.*, 201 F. Supp. 2d 302, 305-06 (D.Del. 2002) (same). These cases follow the hornbook rule that negligence is not a "state of mind" that the statute addresses. Prosser & Keeton, LAW OF TORTS, §31, p. 169 (5th ed. 1984). Negligence is conduct that fails to conform to the standard of reasonable care.

The Third Circuit has similarly held that a plaintiff alleging a §14(a) claim is not required to meet the heightened pleading requirements of the PSLRA unless the plaintiff chooses to ground the claim in fraud – which the plaintiff has not done here. *See Cal.*

---

*Corp.*, C.A. No. 99-11074 (JSM), 2003 WL 21058251, at *3 (S.D.N.Y. May 9, 2003); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1267 (N.D. Cal. 2000).

*Public Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144-45 (3d Cir. 2004). The Third Circuit has recently reconfirmed this rule. *In re Exxon Mobil Corp. Sec. Litig.*, ___ F.3d ___, 2007 WL 2410129 at *6 (3d Cir. Aug. 27, 2007) ("Violations of §14(a), on the other hand, may be committed without scienter; in other words, no culpable intent is required. ... For liability to attach under §14(a), all that is required is that a proxy statement be 'false or misleading with respect to any material fact.'"); *see also, In re Cendant Corp. Sec. Litig.*, 60 F. Supp. 2d 354, 378 (D.N.J. 1999) (since §14(a) claim alleges that defendants acted negligently, plaintiffs "need not plead fraud at all, let alone fraud with particularity"); *Blau v. Harrison*, C.A. No. 04-C6592, 2006 WL 850959, at *6 (N.D. Ill. Mar. 24, 2006) (section 14(a) allegations were not required to meet PSLRA particularity requirements because claims were based on averments of negligence, not fraud).

Here, the plaintiff's §14(a) claim, and indeed the complaint as a whole, is not premised on allegations of fraudulent conduct or an intent to deceive, and, in fact, explicitly disclaims any averments of fraud. ¶4. ("This action does not allege securities fraud or any other fraud."). To the contrary, the plaintiff contends that defendants were *negligent* in distributing a proxy statement that contained false or misleading representations and omissions about the tax deductibility of payments made under the Plan, the standards and variables used for determining bonuses, and the amounts of those bonuses. ¶30-31. This is all that is required under the securities laws and the Federal Rules of Civil Procedure's pleading requirements.

Furthermore, the complaint does not seek to recover damages, but rather, specific, equitable relief to correct the materially false or misleading representations. ¶4. To the extent that the complaint prays for such relief, the plaintiff is not even required to show negligence. When injunctive relief is sought, the test for the purposes of Rule 14a-9 is the "objective sufficiency of the disclosure." *Ash v. LFE Corp.*, 525 F.2d 215, 220 (3d Cir. 1975); *see also Calumet Industries, Inc. v. MacClure*, 464 F.Supp. 19 (N.D. Ill. 1978).

Defendants argue that inasmuch as plaintiff seeks an equitable accounting, he is essentially seeking money damages, citing *Jaffee v. U.S.*, 592 F.2d 712, 715 (3d Cir. 1979). There, the Third Circuit held that to the extent the complaint sought monetary relief for personal injuries caused by exposure to radiation, denomination of the relief as an accounting did not convert the claim to one in equity. At bar, by contrast, this is a stockholder's derivative action, one historically grounded in equity, *Cantor v. Perelman*, 2006 WL 318666 at *6-*7 (D.Del. Feb. 10, 2006), where an equitable accounting may always be sought. *Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 443 (7th Cir. 1984) ("[a]ccountings were deemed inherently equitable in cases between partners and others in particular relationships"); *In re Evangelist*, 760 F.2d 27, 30 (1st Cir. 1985) ("not all claims for monetary relief are legal in nature"). Accordingly, this is not a recovery of "money damages" under the statute.

Moreover, at bar, the claim for an accounting with monetary relief is a safeguard in the event that plaintiff cannot timely obtain an injunction against some payments under

- 12 -

the Plan. Plaintiff primarily seeks a permanent injunction against all payments under the Plan, which, by its terms, has an indefinite duration. Gershon Decl. ¶5, Exh. 3 at pp. 26, ¶8, H-1, ¶3. Accordingly, it is an injunction that plaintiff seeks. And, since this is a stockholder's derivative action, the monetary relief by means of an accounting is sought on behalf of the Company, not for the plaintiff itself, and not for a class of stockholders. *Ross v. Bernhard*, 396 U.S. 531, 534-35, 538-39 (1970); *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del.Supr. 2004). Accordingly, it is not recovery by the "plaintiff," as contemplated by 15 U.S.C. §78u-4(b)(2).

## II.    THIS COURT HAS DIVERSITY JURISDICTION

Defendants argue that, if this court were to dismiss the federal claims, the court should not retain jurisdiction under 28 U.S.C. §1367(a), concerning supplementary jurisdiction. This argument overlooks ¶1 of the complaint, which alleges that this court also has jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship of the parties and the amount in controversy is excess of $75,000, exclusive of interest and costs.

## CONCLUSION

This claim under 15 U.S.C. §78n(a) is based on negligence, not fraud, and it does not require culpable intent or any other state of mind. Moreover, the plaintiff does not seek to recover money damages. Accordingly, 15 U.S.C. §78n-4(b)(2) does not apply. Finally, the jurisdiction of this court is founded on the presence of a federal question, supplemental

jurisdiction, and diversity. We respectfully submit, therefore, that the court should deny the motion to dismiss.

|  |  |
|---|---|
| Dated: October 11, 2007 | RIGRODSKY & LONG, P.A.<br><br>By: *[signature: Brian D. Long]*<br>Seth D. Rigrodsky (#3147)<br>sdr@rigrodkylong.com<br>Brian D. Long (#4347)<br>bdl@rigrodskylong.com<br>919 North Market Street, Suite 980<br>Wilmington, DE 19801<br>T: 302.295.5310<br>*Attorneys for Plaintiff* |

Of Counsel:

| | |
|---|---|
| Barrack, Rodos & Bacine<br>Alexander Arnold Gershon<br>Regina M. Calcaterra<br>Gloria Kui Melwani<br>1350 Broadway, Suite 1001<br>New York, New York 10018<br>(212) 688-0782 | Barrack, Rodos & Bacine<br>Daniel E. Bacine<br>Two Commerce Square<br>2001 Market Street – Suite 3300<br>Philadelphia, Pennsylvania 19103<br>(215) 963-0600 |

15USC78nBRF