# RIGRODSKY & LONG, P.A.

### ATTORNEYS AT LAW

919 NORTH MARKET STREET, SUITE 980
WILMINGTON, DELAWARE 19801

SETH D. RIGRODSKY*
BRIAN D. LONG**
DAVID R. LURIE^

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN PA
^ADMITTED IN NY ONLY

TELEPHONE (302) 295-5310
FACSIMILE (302) 654-7530
WWW.RIGRODSKYLONG.COM

May 9, 2008

The Honorable Gregory M. Sleet
Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

      Re:    *Insulators and Asbestos Workers, etc. v. George W. Buckley, et al.*
               <u>Civil Action No. 07-416 GMS</u>

Dear Chief Judge Sleet:

      Pursuant to the Court's letter dated April 28, 2008, I write on behalf of all parties to provide a status report and advise the Court that the parties have executed a Stipulation of Settlement proposing to resolve this action subject to Court approval. The Stipulation of Settlement has been filed contemporaneously with this letter.

      In order to effectuate the settlement of this action, the parties respectfully request that the Court enter the proposed Scheduling Order attached as Exhibit C to the Stipulation of Settlement. The proposed Scheduling Order provides a date for a Settlement Hearing to approve, *inter alia*, the Settlement and provides for appropriate notice to affected 3M shareholders. Copies of the proposed Notices are attached to the Stipulation of Settlement as Exhibits E and F.

      If Your Honor should have any questions, counsel remains available at the Court's convenience.

                     Respectfully,

                     Brian D. Long
                     (# 4347)

cc:    Clerk of Court
       A. Arnold Gershon, Esq.
       Steven J. Fineman , Esq.
       Philip Rovner, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INSULATORS AND ASBESTOS )
WORKERS LOCAL NO. 14 PENSION )
FUND, Derivatively on Behalf of 3M )
COMPANY, ) C.A. No. 07-416-GMS
)
      Plaintiff, )
)
v. )
)
GEORGE W. BUCKLEY, LINDA G. )
ALVARADO, VANCE D. COFFMAN, )
MICHAEL L. ESKEW, W. JAMES )
FARRELL, HERBERT L. HENKEL, )
EDWARD M. LIDDY, ROBERT S. )
MORRISON, AULANA L. PETERS, )
ROZANNE L. RIDGEWAY, PATRICK )
D. CAMPBELL, MOE S. NOZARI, )
FREDERICK J. PALENSKY, )
RICHARD F. ZIEGLER )
)
      Defendants, )
)
and )
)
3M COMPANY, a Delaware Corporation, )
)
      Nominal Defendant. )

## STIPULATION OF SETTLEMENT

    All parties to the above-captioned action entitled *Insulators and Asbestos Workers Local No. 14 Pension Fund v. George W. Buckley, et al.*, docketed at Civil Action No. 07-416-GMS (the "Derivative Action" or the "Action") and pending in the United States District Court for the District of Delaware (the "Court"), namely, defendants GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI,

FREDERICK J. PALENSKY, and RICHARD F. ZIEGLER (collectively, the "Defendants"),
and nominal defendant 3M COMPANY ("3M" or the "Company"), and plaintiff INSULATORS
AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND ("Plaintiff") (collectively the
Defendants, 3M, and Plaintiff, as the "Parties"), by their respective counsel, have entered into the
following Stipulation of Settlement (the "Stipulation"), subject to the approval of the Court:

**WHEREAS,**

A.      Plaintiff Insulators and Asbestos Workers Local No. 14 Pension Fund originally
commenced this Action on June 28, 2007, and purported to assert a derivative action on behalf of
3M against the Defendants.  Plaintiff alleged that the Company's 2007 Proxy Statement
disseminated to 3M stockholders on or about March 26, 2007, contained false and misleading
statements and omissions concerning the tax deductibility of compensation payable under the
Executive Annual Incentive Plan (the "Plan") and the standards for determining the amounts
payable under the Plan, asserted federal and state law claims on the basis of those allegations,
and sought injunctive relief and monetary damages.

B.      On September 10, 2007, 3M and the Defendants filed motions to dismiss
Plaintiff's complaint for failure to make a demand as required by Federal Rule of Civil
Procedure 23.1 and for failure to state a claim pursuant to Federal Rule of Civil Procedure
12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b).  These
motions have not yet been adjudicated by the Court.  Plaintiff moved for summary judgment on
August 21, 2007, and that motion was denied without prejudice on February 13, 2008, as
premature.

C.      The Defendants and 3M have denied, and continue to deny, that they have
violated or have threatened to violate any law or that they, in any manner, have taken any

improper action or that they have neglected to take any proper action, and are entering into this Stipulation because the Settlement would eliminate the burden, risk, and expense of further litigation.

D.    Counsel for the Parties have engaged in arm's-length negotiations concerning a possible settlement and have reached an agreement in principle providing for settlement of the claims asserted in the Derivative Action (the "Settlement").

E.    In light of the events and negotiations described above, and analysis of applicable law, Plaintiff, the Defendants, and 3M (after consultation with their respective legal advisors) have concluded that the terms and conditions of the Settlement provided for in this Stipulation are fair, reasonable, adequate, and in the best interests of 3M and 3M's stockholders.

F.    Plaintiff, the Defendants, and 3M enter into the Stipulation after taking into account (i) the benefits to 3M and its stockholders, (ii) the risks and costs of continued litigation, (iii) the desirability of consummating the Settlement as provided by the terms of this Stipulation, and (iv) the conclusion of the Plaintiff, Defendants, and 3M that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of 3M and 3M's stockholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 23.1, that:

## TERMS OF THE SETTLEMENT

1.      In consideration for the Settlement, including the dismissal with prejudice of the Derivative Action and the release of claims (described below), and upon Final Court Approval (as defined below in Paragraph 12) of the Settlement consistent with this Stipulation, 3M shall file a Form 8-K substantially in the form set forth in Exhibit A to this Stipulation with the Securities and Exchange Commission.

2.      In further consideration for the Settlement, including the dismissal with prejudice of the Derivative Action and the release of claims (described below), and upon Final Court Approval (as defined below in Paragraph 12) of the Settlement, 3M's Compensation Committee shall adopt a resolution in the form set forth in Exhibit B to this Stipulation.

3.      3M and Defendants make no admission that the disclosures contained in the Form 8-K were or are, or the adoption of the resolution was or is, required by any law or fiduciary duty.

## RELEASES

4.      Upon Final Court Approval (as defined below in Paragraph 12) of the Settlement, Plaintiff on behalf of itself, and each stockholder, on behalf of itself, and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, shall be deemed to have, and by operation of the judgment shall have, fully, finally and forever released, relinquished and discharged each Defendant, in their personal and representative capacities, including their heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors,

successors, and assigns, and 3M, including all of its past, present or future officers, directors, representatives, affiliates, subsidiaries, employees, financial or investment advisors, consultants, accountants, attorneys, law firms, investment bankers, commercial bankers, engineers, advisors, insurers, and agents, from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, and matters of any kind or nature whatsoever (including any claims for costs, attorneys' fees or expenses (excluding only claims for enforcement of the Settlement)), whether asserted directly, derivatively, or otherwise, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, and whether arising under federal, state, or any other law (including, without limitation, the federal securities laws, federal or state tax laws and Delaware state law), which have been, or could have been, or could be in the future, asserted that relate in any way to the Plan, including, but not limited to, the terms of the Plan, the operation and administration of the Plan, the tax treatment of the Plan and the payments made thereunder, the Company's 2007 Proxy Statement and other public disclosures with respect to the Plan, and the stockholder vote pursuant to the 2007 Proxy Statement.

5.      Upon Final Court Approval (as defined below in Paragraph 12) of the Settlement, 3M and the Defendants agree to the complete release and settlement of all claims against Plaintiff and Plaintiff's counsel arising out of the commencement, prosecution, settlement, or resolution of the Action.

6.      All Parties shall retain the right to enforce the terms of the Stipulation, the Settlement, and the Memorandum of Understanding, notwithstanding the releases provided herein.

7. It is the intention of the Parties to extinguish all claims described in Paragraphs 4 and 5 above and consistent with such intention, all releasing parties hereby expressly waive their rights to the fullest extent permitted by law, to any benefits of the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law or principle of common law, which may have the effect of limiting the releases set forth herein. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

All releasing parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases granted herein, but acknowledge that it is their intention to fully, finally and forever settle, release and discharge any and all claims hereby known or unknown, suspected or unsuspected, which do or do not exist, or heretofore existed, and without regard to the subsequent discovery or existence of such additional or different facts.

### Submission and Application to the Court

8. Within five (5) days of execution of the Stipulation, the Parties shall jointly apply to the Court for a proposed Scheduling Order in the form attached hereto as Exhibit C, which shall include provisions that:

a. Direct that a settlement hearing (the "Settlement Hearing") be held to determine whether the Court should (i) approve the Settlement pursuant to Federal Rule of Civil Procedure 23.1 as substantively and procedurally fair, reasonable, adequate and in the best

interests of 3M and its stockholders, (ii) enter a Final Judgment and Order in the form attached

hereto as Exhibit D, (iii) approve the application of counsel for Plaintiff for an allowance of fees

and expenses not to exceed $600,000, and (iv) hear such other matters as the Court may deem

necessary and appropriate; and

               b.      Provide that the proposed Notice of Pendency of Derivative Action,

Proposed Settlement of Derivative Action and Settlement Hearing in the form attached hereto as

Exhibit E (the "Notice") and the proposed Summary Notice of Pendency of Derivative Action,

Proposed Settlement of Derivative Action and Settlement Hearing in the form attached hereto as

Exhibit F (the "Summary Notice"), are approved and that the distribution and/or dissemination of

the Notice and the Summary Notice substantially in the manner to be set forth in the proposed

Scheduling Order meets the requirements of applicable law and due process, is due and sufficient

notice of all matters related to the Settlement, and fully satisfies the requirements of due process

and of Federal Rule of Civil Procedure 23.1.

## NOTICE AND SUMMARY NOTICE

9.     3M shall pay the costs and expenses related to providing to Company

stockholders the Notice and Summary Notice of the Settlement and the hearing at which the

Parties will seek approval of the Settlement. Plaintiff agrees that the mailing, by first-class U.S.

Mail, of the Summary Notice to all shareholders of record, which will direct them to 3M's

website where the Notice shall be posted and provide a phone number to call to obtain a printed

copy of the Notice by U.S. Mail (as described in the proposed Scheduling Order) and that the

form of the Notice and the Summary Notice, attached hereto, (i) comply with the requirements of

Federal Rule of Civil Procedure 23.1 and with applicable standards of due process and other

applicable law, (ii) are fair and reasonable, and (iii) constitute due and sufficient notice to all persons entitled thereto.

## FINAL JUDGMENT AND ORDER

10.    If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court, the Parties shall promptly request the Court to enter a Final Judgment and Order which, among other things:

a. Approves the Settlement, adjudges the terms thereof to be substantively and procedurally fair, reasonable, adequate and in the best interests of 3M and its stockholders, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

b. Determines that the requirements of Federal Rule of Civil Procedure 23.1 and due process have been satisfied in connection with Notice;

c. Dismisses the Derivative Action and all complaints filed in the Derivative Action in their entirety with prejudice and without costs (except, with respect to costs, as otherwise provided in this Stipulation);

d. Permanently bars and enjoins Plaintiff, 3M, and all present, past and future stockholders of 3M, or any of them, from commencing, prosecuting, instigating, continuing, or in any way participating in the commencement of prosecution of, any action asserting any released claims, either directly, representatively, derivatively or in any other capacity against any released parties;

e. Provides for an aggregate award of attorney's fees and expenses consistent with the terms of the Settlement;

f. Certifies the aforesaid judgment (embodied in subparagraphs (a) through (e) above) as a final judgment; and

g. Without affecting the finality of the Final Judgment and Order, reserves the Court's jurisdiction over all of the Parties for the administration of the terms of the Settlement and Stipulation.

## CONDITIONS PRECEDENT TO SETTLEMENT

11.     The Settlement set forth in this Stipulation is binding on all Parties, but is, upon notice and hearing pursuant to Federal Rule of Civil Procedure 23.1, subject to (i) Preliminary Court Approval (the "Preliminary Court Approval"); and (ii) Final Court Approval (as defined below in Paragraph 12).  If either of these two conditions are not met, this Stipulation and the Settlement shall be null and void and shall not be admissible in any proceeding or deemed to prejudice any of the positions of the Parties in or with respect to the Derivative Action or any other action, and the settling Parties shall be restored to their respective positions in the Derivative Action as of the date of agreement by the parties to the Memorandum of Understanding.

## FINALITY OF SETTLEMENT

12.     The approval of the Settlement shall be considered final for purposes of this Stipulation upon entry by the District Court of the Final Judgment and Order and after such Final Judgment and Order shall have been finally affirmed on appeal or no longer subject to appeal (or further appeal) by lapse of time or otherwise (the "Final Court Approval").  The Parties agree that Plaintiff's application for attorneys' fees and expenses, as described in Paragraph 13, may be considered and adjudicated separately and independently from the Settlement and proposed entry

of a final and appealable order approving the Settlement. Accordingly, the timing of the Court's entry of an order awarding fees and any appeal of such order regarding solely the awarding of fees shall not delay or otherwise impact the determination of whether Final Court Approval has occurred.

## ATTORNEYS' FEES

13.    At or before the Settlement Hearing, Plaintiff's counsel in the Derivative Action may apply to the Court for an aggregate award of attorneys' fees and expenses in an amount not to exceed $600,000 (the "Fee Application"). The amount of the Fee Application will be set forth in the Notice and the Summary Notice. Plaintiff's counsel agrees that it will not seek an award greater than this amount, and 3M and the Defendants agree not to oppose such application for attorneys' fees and expenses by Plaintiff's counsel in the Derivative Action in accordance with the terms of this Settlement.

14.    Any award of fees and expenses approved by the Court pursuant to the Fee Application shall be payable to Plaintiff's counsel by 3M or its successor within ten (10) calendar days of Final Court Approval pursuant to paragraph 12 above, or the Court's entry of an order awarding fees, whichever comes later.

15.    Except as expressly provided herein, Defendants and 3M shall bear no other expenses, costs, damages or fees alleged or incurred by the Plaintiff, or by any of their attorneys, experts, advisors, agents or representatives. Neither the Plaintiff nor any of its counsel shall apply to any court for any fees or expenses except as provided for herein.

## COOPERATION; BEST EFFORTS

16.     The Parties, through their counsel, (i) agree to present this Stipulation to the Court

for Preliminary Court Approval and, following appropriate notice, for entry of the Final

Judgment and Order; (ii) agree to use their best efforts to pursue the Settlement in as expeditious

and comprehensive a manner as possible and acknowledge that time is of the essence; (iii) agree

to cooperate in preparing any and all necessary papers to define, pursue and effectuate the

Settlement; and (iv) agree to cooperate fully with one another in seeking the Court's approval of

this Stipulation and the Settlement and to use their best efforts to obtain the entry of the Final

Judgment and Order and Final Court Approval.

## STAY OF PROCEEDINGS

17.     Pending Preliminary Court Approval of the Settlement, the Parties to the

Derivative Action agree to stay any and all proceedings in the Derivative Action other than those

incident to the Settlement itself.

18.     The Parties to the Action shall agree to extensions of time with respect to

pleadings and other court filings as are appropriate in the context of this Stipulation.

19.     Subject to the Order of the Court, pending final determination of whether the

Settlement provided for in this Stipulation should be approved, Plaintiff, 3M, 3M's stockholders,

or any of them, are barred and enjoined from commencing, prosecuting, instigating, continuing,

or in any way participating in the commencement or prosecution of any action asserting any

released claims, either directly, representatively, derivatively or in any other capacity against any

released parties or challenging the Settlement (other than in this Derivative Action in accordance

with the procedures established by the Court).  The Parties further agree that they shall use their

best efforts to prevent the filing of any such action and to seek a stay or dismissal of any such

11

action in contemplation of the dismissal of the Derivative Action upon final approval of the Settlement.

## STIPULATION NOT AN ADMISSION

20.     The provisions contained in this Stipulation shall not be deemed a presumption, concession or any admission by any of the Parties of any breach of duty, liability, default, or wrongdoing as to any facts or claims alleged or asserted in the Derivative Action, or in any other actions or proceedings, nor by Plaintiff as to the lack of merit of its claims, and this Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action or in any other action or proceeding of any nature whatsoever except to enforce the terms of this Stipulation.

## ENTIRE AGREEMENT; AMENDMENTS

21.     This Stipulation and the Memorandum of Understanding constitute the entire agreement among the Parties with respect to the subject matter hereof, and may not be amended nor any of its provisions waived except by a writing executed by all of the Parties hereto.

22.     This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, successors, and assigns.

23.     All of the exhibits hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.

## WAIVER

24.     The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation.

## COUNTERPARTS

25.    This Stipulation may be executed in any number of counterparts, including by telecopier, with the same effect as if all Parties hereto had executed the same document. All such counterparts shall be construed together and shall constitute one instrument.

## GOVERNING LAW

26.    This Stipulation and the Settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to Delaware's conflict of laws rules. Any effort to enforce this Stipulation and the Settlement contemplated by it shall be brought only in the United States District Court for the District of Delaware.

## WARRANTY

27.    The Plaintiff and the Plaintiff's counsel in the Derivative Action represent and warrant that none of the Plaintiff's claims or causes of action referred to in the complaint in the Derivative Action or in this Stipulation, including any released claims, have been assigned, encumbered or in any manner transferred in whole or in part.

## AUTHORITY

28.     The undersigned attorneys represent and warrant that they have been duly

authorized by all of their respective clients to execute and deliver this Stipulation.

DATED: May 6, 2008

OF COUNSEL:

A. Arnold Gershon
Regina M. Calcaterre
Gloria Kui Melwani
BARRACK, RODOS & BACINE
1350 Broadway, Suite 1001
New York, NY 10018
(212) 688-0782

Daniel E. Bacine
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-0600


OF COUNSEL:

Paul H. Dawes
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

RIGRODSKY & LONG, P.A.

Seth D. Rigrodsky (#3147)
sdr@rigrodskylong.com
Brian D. Long (#4347)
bdl@rigrodskylong.com
Rigrodsky & Long, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801
(302) 295-5310

*Attorneys for Insulators and Asbestos Workers
Local No. 14 Pension Fund*


RICHARDS, LAYTON & FINGER, P.A.

Daniel A. Dreisbach (#2583)
dreisbach@rlf.com
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

*Attorneys for 3M Company, Linda G. Alvarado,
Vance D. Coffman, Michael L. Eskew, W. James
Farrell, Herbert L. Henkel, Edward M. Liddy,
Robert S. Morrison, Aulana L. Peters, and
Rozanne L. Ridgway*

14

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Walter C. Carlson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000

Philip A. Rovner (#3215)
provner@potteranderson.com
Hercules Plaza
Wilmington, DE  19801
(302) 984-6000

*Attorneys for George W. Buckley, Patrick D.*
*Campbell, Moe S. Nozari, Frederick J.*
*Palensky, and Richard F. Ziegler*

**EXHIBIT A**

**TEXT OF FORM 8-K RE SETTLEMENT OF INSULATORS CASE**

**EXHIBIT A**

**Text of Form 8-K re: Settlement of Insulators Case**

**ST. PAUL, Minn. -** __, 2008 – 3M (NYSE: MMM) has entered into a settlement of the previously disclosed shareholder derivative lawsuit filed in the U.S. District Court for the District of Delaware captioned Insulators and Asbestos Workers Local No. 14 Pension Fund v. George W. Buckley, et al., C.A. No. 07-416-GMS. The suit was against the Company as nominal defendant and against each then current member of the Board of Directors and the officers named in the Summary Compensation Table of the 2007 Proxy Statement. The suit alleged that the Company's 2007 Proxy Statement contained false and misleading statements concerning the tax deductibility of compensation payable under the 3M Executive Annual Incentive Plan ("Plan") and the standards for determining the amounts payable under the Plan.

The terms of the Settlement are set forth in a Notice of Pendency of Derivative Action, Proposed Settlement, Settlement Hearing and Right to Appear ("Notice") that was made available to stockholders. The Settlement provided for disclosure of certain information by 3M regarding the operation of the Plan and the adoption by the Compensation Committee of the Board of Directors of a resolution confirming its interpretation of the term "Special Items" as used in the Plan. The Settlement also provided, among other things, for the dismissal of the suit, for the release of all claims against the defendants that could have been asserted in the suit, and for payment of Plaintiff's attorneys' fees and expenses by the Company. The Court approved the Settlement, and its material terms.

The Company and the officers and directors named as defendants have maintained that the suit was improper from its inception, and the defendants denied and continue to deny that they committed any violation of law or breach of fiduciary duty. However, the Settlement allowed the Company to avoid the inherent uncertainty of litigation and the distraction and waste of resources that would have been necessary to pursue the litigation to conclusion.

The District Court held a hearing on the fairness of the Settlement on _____.

Terms of the Settlement:

Under the terms of the Settlement, the Compensation Committee of the Company's Board of Directors has adopted, or will adopt, a formal resolution recognizing in a written policy its interpretation of the term "Special Items" as it is used in the Plan. Specifically, the Plan defines "Adjusted Net Income" to be the Company's net income as reported in its Consolidated Statement of Income as adjusted to exclude Special Items. The resolution will formally state that the Committee interprets Special Items to mean amounts resulting from those unusual and/or infrequent events that have been treated as special items in the Company's current reports furnished to the Securities and Exchange Commission on Form 8-K, Item 2.02, including but not limited to:

- Any items for which Accounting Principles Board Opinion No. 30, "Reporting the Results of Operations – Reporting the Effects of Disposal of a Segment of a Business, and Extraordinary, Unusual and Infrequently Occurring Events and Transactions,"

17

provides disclosure criteria and/or any unusual and/or infrequent items as described in management's discussion and analysis of financial condition and results of operations appearing in the Company's annual/quarterly periodic reports for the applicable year/quarter;

- The financial impact of restructurings;

- Asset write-downs;

- Divestitures or asset sales;

- Litigation or claim judgments and settlements;

- The effect of changes in tax law, accounting principles or other such laws or provisions affecting reported financial results; or

- Unusual tax transactions.

In addition, the Company has agreed to state by this Form 8-K:

(i)     that the Board and the Committee intend, and have intended since the adoption of the Plan, to preserve their authority to pay compensation to 3M's executives and other employees as they determine to be in the Company's best interest and pursuant to the Company's various compensation and benefit plans, policies and arrangements, including, but not limited to, the Plan, which compensation may or may not be subject to the deduction limitations of Section 162(m) of the Internal Revenue Code of 1986, as amended; and

(ii)     that for the 2007 Plan Year, the number of individuals who were eligible to participate in the Plan, consisting of the Company's named executive officers and other senior executives whose compensation is approved by the Committee, was approximately 21.

**EXHIBIT B**

**EXECUTIVE ANNUAL INCENTIVE PLAN –**
**POLICY ON INTERPRETATION OF THE TERM SPECIAL ITEMS**

**EXHIBIT B**

**EXECUTIVE ANNUAL INCENTIVE PLAN -**
**POLICY ON INTERPRETATION OF THE TERM SPECIAL ITEMS**

WHEREAS:

1)   This Committee adopted and the Corporation now maintains the 3M Executive Annual Incentive Plan (the "Plan"), which is designed to provide participating executives with incentive compensation that is intended to qualify as performance-based compensation under section 162 (m) of the Internal Revenue Code;

2)   Section 5 of the Plan limits the amount of annual incentive compensation that may be paid to any participating executive for any year to a percentage of the Corporation's "Adjusted Net Income" for such year;

3)   Section 2 (a) of the Plan defines the term "Adjusted Net Income" to mean the net income of the Corporation as reported in its Consolidated Statement of Income as adjusted to exclude "special items";

4)   Pursuant to Section 7 of the Plan, this Committee administers the Plan and has full power and authority to interpret the Plan and establish rules or procedures as it deems necessary for the proper administration of the Plan; and;

5)   The Committee believes it would be appropriate to recognize in a written policy its interpretation of this term "special items" as used in the Plan; it is

RESOLVED, that the term "special items" as set forth in Section 2(a) of the 3M Executive Annual Incentive Plan (the "Plan") means amounts resulting from those unusual and/or infrequent events that have been treated as special items in the Corporation's current reports furnished to the U.S. Securities and Exchange Commission on Form 8-K, Item 2.02, including but not limited to:

- Any items for which Accounting Principles Board Opinion No. 30, "Reporting the Results of Operations – Reporting the Effects of Disposal of a Segment of a Business and Extraordinary, Unusual and Infrequently

Occurring Events and Transactions," provides disclosure criteria and/or any unusual and/or infrequent items as described in management's discussion and analysis of financial condition and results of operations appearing in the Corporation's annual/quarterly periodic reports for the applicable year/quarter;

- The financial impact of restructurings;
- Asset write-downs;
- Divestitures or asset sales;
- Litigation or claim judgments and settlements;
- The effect of changes in tax law, accounting principles or other such laws or provisions affecting reported financial results; and
- Unusual tax transactions.

**EXHIBIT C**

**SCHEDULING ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) ) | C.A. No. 07-416-GMS |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) | |
| Nominal Defendant. | ) | |

**SCHEDULING ORDER**

All parties to the action entitled *Insulators and Asbestos Workers Local No. 14 Pension*

*Fund v. George W. Buckley, et al.*, docketed at Civil Action No. 07-416-GMS (the "Derivative

Action" or the "Action") and, pending in the United States District Court for the District of

Delaware (the "Court"), namely, defendants GEORGE W. BUCKLEY, LINDA G.

ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL,

HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L.

PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI,

FREDERICK J. PALENSKY, and RICHARD F. ZIEGLER (collectively, the "Defendants"),

and nominal defendant 3M COMPANY ("3M"), and plaintiff INSULATORS AND ASBESTOS

WORKERS LOCAL NO. 14 PENSION FUND ("Plaintiff") (collectively the Defendants, 3M,

and Plaintiff, as the "Parties"), having made an application pursuant to Federal Rule of Civil

Procedure 23.1 for an Order approving the proposed settlement of the Action in accordance with

the Stipulation of Settlement dated May 6, 2008 (the "Stipulation") filed with the Court which,

together with its accompanying exhibits, sets forth the terms and conditions of the proposed

settlement of the Action (the "Settlement") and for the dismissal with prejudice upon the terms

and conditions set forth in the Stipulation; and the Court having read and considered the

Stipulation and the accompanying documents; and all Parties having consented to the entry of

this Order:

       1.     A hearing (the "Settlement Hearing") shall be held before the Court on _____,

2008, at ___:____ [AM/PM], in the United States District Court for the District of Delaware, J.

Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801, to: (i)

determine whether the Stipulation and the terms and conditions of the Settlement proposed in the

Stipulation, are substantively and procedurally fair, reasonable and adequate, and in the best

interests of 3M; (ii) to determine whether final judgment should be entered dismissing the Action

as to all Defendants named therein and their affiliates and with prejudice against the Plaintiff;

(iii) to hear and determine any objections to the Settlement and/or the application for attorneys'

fees by Plaintiff's counsel; (iv) if the Court approves the Stipulation and Settlement, and enters a

Final Judgment and Order, to determine whether it should award attorneys' fees and expenses to

Plaintiff's counsel pursuant to the application described herein; and (v) to hear such other matters

as the Court may deem necessary and appropriate.

2.    The Court reserves the right to adjourn the Settlement hearing or any adjournment thereof, including consideration of the application for an award of attorneys' fees and expenses, without further notice other than an oral announcement at the Settlement Hearing or any adjournment thereof. The Court also reserves the right to approve the Settlement at or after the Settlement Hearing with such modification as may be consented to by the parties to the Stipulation.

3.    Within thirty (30) days of the entry of this Scheduling Order, 3M shall cause a Summary Notice, substantially in the form attached as Exhibit F to the Stipulation (the "Summary Notice"), to be mailed, by first-class U.S. Mail, to all shareholders of record directing them to 3M's website where a Notice of Pendency of Derivative Action, Proposed Settlement and Settlement Hearing, substantially in the form attached as Exhibit E to the Stipulation (the "Settlement Notice"), shall be posted. The Summary Notice shall also provide a telephone number for shareholders to call to obtain a printed copy of the Settlement Notice by U.S. Mail.

4.    The Court approves the Settlement Notice and Summary Notice as to form and method as specified herein, and finds that the Settlement Notice and Summary Notice (i) comply with the requirements of Federal Rule of Civil Procedure 23.1 and with applicable standards of due process and other applicable law, (ii) are fair and reasonable, and (iii) constitute due and sufficient notice to all persons entitled thereto.

5.    At or prior to the Settlement Hearing, 3M shall cause to be filed with the Court an appropriate affidavit, executed by a representative or agent of 3M, attesting to the distribution of the Settlement Notice and the Summary Notice under the terms of and in accordance with the provisions of this Scheduling Order.

6.      Any current stockholder of 3M who objects to (i) the Settlement, (ii) the dismissal of this Action, (iii) the entry of the Final Judgment and Order with the respect to the Action, or (iv) the Plaintiff's counsel's application for an award of attorney's fees and expenses, or who otherwise wishes to be heard, may appear in person or through counsel at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that no person other than counsel for the Parties to this Action shall be heard and no papers, briefs, pleadings, or other documents shall be received and considered by the Court (unless the Court in its discretion may thereafter otherwise direct, upon application of such person and for good cause shown), unless not later than ten (10) business days prior to the Settlement Hearing such person files with the Court, at the  J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801, (a) a written notice of intention to appear with proof of stock ownership, including the number of shares owned as of May 6, 2008, and as of the date of the written objection, (b) a statement of such person's objections to any matters before the Court, and (c) the grounds therefore or the reasons for such person's desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider and, on or before the date of such filing, serves the same documents upon the following counsel of record for the parties hereto:

Seth D. Rigrodsky
RIGRODSKY & LONG, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801

*Attorneys for Insulators and Asbestos Workers Local No. 14 Pension Fund*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza
Wilmington, DE  19801

*Attorneys for George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, and Richard F. Ziegler*

Daniel A. Dreisbach
RICHARDS, LAYTON & FINGER, P.A.
P.O. Box 551
One Rodney Square
Wilmington, DE 19801

*Attorneys for 3M Company, Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W. James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters, and Rozanne L. Ridgway*

7.      Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment or order entered thereon, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraph 6 hereof. Any person who fails to object in the manner and within the time prescribed in Paragraph 6 hereof shall be deemed to have waived the right to object, including the right to appeal, and shall forever be barred, in this proceeding or in any other proceeding, from raising such objection.

8.      All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and provisions of the Settlement, are hereby stayed and suspended until further Order of the Court; provided, however, that such stay shall be vacated if the Settlement is terminated as provided in Paragraph 11 of the Stipulation. Pending final determination of whether the Court should approve the Settlement, the Parties and all other stockholders of 3M are barred and enjoined from commencing or prosecuting any action or proceeding in any court or tribunal concerning the claims defined in the Stipulation at Paragraphs 4 and 5 or any claims against the released parties arising out of the facts alleged in the Complaint in this Action.

9.      If the Court approves the settlement following the Settlement Hearing, a Final Judgment and Order (as defined in the Stipulation), substantially in the form attached as Exhibit

27

D to the Stipulation, shall be entered.

10.     If for any reason, the Court does not approve the Settlement or an appellate court reverses, vacates, or modifies an order approving the Settlement, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and have no further force and effect.

11.     None of the Stipulation, the Settlement, nor this Order, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or shall be deemed to be or shall be used as an admission of Defendants or 3M or any other person of the validity of the claims referenced in the Stipulation or of any wrongdoing or liability of Defendants or 3M whatsoever; (ii) is or shall be deemed to be or shall be used as an admission of any fault or omission of any Defendant or 3M in any statement, release, or written document or financial report issued, filed, or made; or (iii) shall be offered or received in evidence against any Defendant or 3M in any civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement, the releases executed pursuant thereto, and/or the Final Judgment and Order, except that the Stipulation and the exhibits thereto may be filed in the Action or in any subsequent action brought against any Defendant or 3M in order to support a defense or counterclaim of the Defendants or 3M of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim or issue preclusion or similar defense or counterclaim.

ENTERED BY ORDER OF THE COURT:

Dated _____, 2008

_____
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

28

**EXHIBIT D**

**FINAL JUDGMENT AND ORDER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) ) ) | |
| | ) | C.A. No. 07-416-GMS |
|      Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|      Defendants, | ) ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) ) | |
|      Nominal Defendant. | ) | |

## FINAL JUDGMENT AND ORDER

A hearing (the "Settlement Hearing") having been held before this Court (the "Court") on

_____, 2008, pursuant to the Court's Order of _____, 2008 (the "Scheduling Order"), upon a

Stipulation of Settlement dated April ___, 2008 (the "Stipulation") in the above-captioned action

(the "Derivative Action" or "Action"), which is incorporated herein by reference; it appearing

that due notice of said hearing has been given in accordance with the aforesaid Scheduling

Order, the respective parties having appeared by their attorneys of record; the Court having heard

and considered evidence in support of the proposed settlement embodied in the Stipulation (the

"Settlement"); the attorneys for their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the stockholders of 3M Company ("3M" or the "Company") was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of __, 2008, that:

1.      Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

2.      On or before ___, 2008, the Notice of Pendency of Derivative Action, Proposed Settlement, and Settlement Hearing (the "Settlement Notice") was delivered to 3M stockholders, as provided for in the Scheduling Order. In addition, or on before ___, 2008, a Summary Notice was delivered to stockholders as set forth in the Scheduling Order. The form and manner of notice given to 3M stockholders is hereby determined to have been the best notice practicable, is due and sufficient notice of all matters related to the Settlement, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.1.

3.      3M has filed with the Court an appropriate affidavit attesting to the distribution of the Settlement Notice and the Summary Notice under the terms of and in accordance with the provisions of the Scheduling Order.

4.      A full opportunity to be heard has been offered to all parties, current stockholders of 3M, and persons in interest.

5.    This Action was properly maintained as a derivative action on behalf of 3M and its stockholders, and the Plaintiff and its counsel have at all times adequately represented the interests of 3M with respect to the Action and the claims asserted therein.

6.    The Settlement is hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of 3M and 3M's stockholders. The Settlement is the product of good faith, arm's-length negotiations between counsel for 3M, Plaintiffs, and Defendants. Accordingly, the Settlement shall be consummated in accordance with its provisions, as set forth in the Stipulation.

7.    The Action is hereby dismissed on the merits with prejudice as to all of the Defendants, with all parties to bear their own costs except as provided herein.

8.    Plaintiff, on behalf of itself, and each stockholder, on behalf of itself, and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, shall, by operation of this Final Judgment and Order have, fully, finally and forever released, relinquished and discharged each Defendant, in their personal and representative capacities, including their heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, and assigns, and 3M, including all of its past, present or future officers, directors, representatives, affiliates, subsidiaries, employees, financial or investment advisors, consultants, accountants, attorneys, law firms, investment bankers, commercial bankers, engineers, advisors, insurers and agents, from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, and matters of any kind or nature

32

whatsoever (including any claims for costs, attorneys' fees or expenses (excluding only claims for enforcement of the Settlement)), whether asserted directly, derivatively, or otherwise, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, and whether arising under federal, state, or any other law (including, without limitation, the federal securities laws, federal or state tax laws and Delaware state law), which have been, or could have been, or could be in the future, asserted that relate in any way to the Plan, including, but not limited to, the terms of the Plan, the operation and administration of the Plan, the tax treatment of the Plan and the payments made thereunder, the Company's 2007 Proxy Statement and other public disclosures with respect to the Plan, and the stockholder vote pursuant to the 2007 Proxy Statement. Provided, however, that nothing herein shall release the Parties from their obligations under this Stipulation and the Memorandum of Understanding, and that the released claims shall not include an action or proceeding to enforce compliance with the terms of the Settlement and the Memorandum of Understanding. All claims against Plaintiff and Plaintiff's counsel arising out of the commencement, prosecution, settlement, or resolution of the Action are fully, finally and forever released, relinquished, and discharged.

9.    All such released claims described in Paragraph 8 above are hereby extinguished and the releasing parties are hereby deemed to have waived any and all rights, to the extent permitted by law, under the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, or principle of common law, which may have the effect of limiting the release set forth above. Section 1542 of the California Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the

time of executing the release, which if known by him must have materially affected his settlement with the debtor."

10.     The releasing parties are hereby permanently barred and enjoined from instituting, commencing, asserting, or continuing any of the released claims against the released parties in any other jurisdiction.

11.     This Final Judgment and Order shall not constitute or be construed as an admission by any of the Defendants of any fault, wrongdoing, or liability whatsoever, or as an admission that the Plaintiff, 3M, or any stockholders of 3M has suffered any damages, or as an admission by Plaintiff of any lack of merit of its claims. Neither this Final Judgment and Order, nor Stipulation nor any of the negotiations, transactions, or proceedings in connection with the Settlement, shall be deemed or offered or received in evidence in any civil, criminal, administrative, or other proceeding, or used in any manner whatsoever, including as a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of 3M or any Defendant; provided however, that nothing contained in this Final Judgment and Order or the Stipulation shall prevent this Final Judgment and Order or the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order related thereto) and, provided further, that 3M and the Defendants and any of their predecessors or successors in interest may file and use this Final Judgment and Order and the Stipulation, and all documents relating thereto in any action to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion, issue preclusion, or similar defense.

12.    Plaintiff's counsel is hereby awarded fees and expenses in the amount of

_____ in connection with the Action, which fees and expenses the Court finds to be fair

and reasonable. The Plaintiff's counsel shall allocate the fees and expenses as they deem

appropriate, but in no event shall any portion of the amount awarded as fees be paid to Insulators

and Asbestos Workers Local No. 14 Pension Fund.

13.    Without affecting the finality of this Final Judgment and Order in any way,

jurisdiction is reserved over all matters related to the administration, consummation

and enforcement of the terms of the Stipulation.

14.    This Final Judgment and Order finally and forever adjudicates on the merits all

claims, rights, and liabilities of the Parties with respect to the Action and, as such, is subject to

immediate appeal. The Clerk is directed to enter judgment forthwith.


                                                    ENTERED BY ORDER OF THE COURT:



Dated _____, 2008                          _____

                                                    UNITED STATES DISTRICT COURT
                                                    FOR THE DISTRICT OF DELAWARE

**EXHIBIT E**

**SETTLEMENT NOTICE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, | ) ) ) ) | C.A. No. 07-416-GMS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| 3M COMPANY, a Delaware Corporation, | ) ) | |
| Nominal Defendant. | ) | |

**NOTICE OF PENDENCY OF DERIVATIVE ACTION,
PROPOSED SETTLEMENT OF DERIVATIVE ACTION,
AND SETTLEMENT HEARING**

TO:    ALL RECORD OR BENEFICIAL OWNERS OF COMMON STOCK OF 3M
COMPANY AS OF MAY 6, 2008

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR
RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDING IN THIS
LITIGATION. IF YOU WERE NOT THE BENEFICIAL HOLDER OF 3M
COMPANY COMMON STOCK, BUT HELD 3M COMPANY COMMON STOCK
FOR A BENEFICIAL HOLDER, PLEASE TRANSMIT THIS DOCUMENT TO SUCH
BENEFICIAL HOLDER.

THIS NOTICE (the "Settlement Notice") is provided to 3M Company stockholders pursuant to an Order of the United States District Court for the District of Delaware (the "Court") in the above-captioned action (the "Action"). The Court will hold a hearing on _____, 2008, at __:__ [AM/PM], at the J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801 (or at such time as the Court may direct without further notice, see paragraph 2 below) (the "Hearing") to: (i) determine whether a Stipulation of Settlement dated May 6, 2008 (the "Stipulation"), and the terms and conditions of the Settlement proposed in the Stipulation (the "Settlement"), are substantively and procedurally fair, reasonable and adequate, and in the best interests of 3M Company ("3M" or the "Company"); (ii) to determine whether final judgment should be entered dismissing the Action as to all Defendants named therein and their affiliates and with prejudice against the Plaintiff; (iii) to hear and determine any objections to the Settlement and/or the application for attorneys' fees by Plaintiff's counsel; (iv) if the Court approves the Stipulation and Settlement, and enters a Final Judgment and Order, to determine whether it should award attorneys' fees and expenses to Plaintiff's counsel pursuant to the application described herein; and (v) to hear such other matters as the Court may deem necessary and appropriate.

2.     The Court has reserved the right to adjourn the Settlement Hearing by oral announcement at such hearing or any adjournment thereof and without further notice of any kind. By this Notice, the Court does not express any opinion as to the merits of any claim or defense that has been asserted in the Action.

THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF

38

THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS
OR DEFENSES RAISED BY ANY OF THE PARTIES.

## BACKGROUND

A.    Plaintiff Insulators and Asbestos Workers Local No. 14 Pension Fund originally

commenced this Action on June 28, 2007 and purported to assert a derivative action on behalf of

3M against George W. Buckley, Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W.

James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters,

Rozanne L. Ridgeway, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky, and Richard

F. Ziegler (collectively the "Defendants") (collectively the Defendants, 3M, and Plaintiff, as the

"Parties"). Plaintiff alleged that the Company's 2007 Proxy Statement contained false and

misleading statements concerning the tax deductibility of compensation payable under the

Executive Annual Incentive Plan (the "Plan") and the standards for determining the amounts

payable under the Plan, asserted federal and state law claims on the basis of those allegations,

and sought injunctive relief and monetary damages.

B.    On September 10, 2007, 3M and the Defendants filed motions to dismiss the

Plaintiff's complaint for failure to make a demand by as required by Federal Rule of Civil

Procedure 23.1 and for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). These

motions have not yet been adjudicated by the Court. Plaintiff moved for summary judgment on

August 21, 2007, and that motion was denied without prejudice on February 13, 2008 as

premature.

C.    The Defendants and 3M have denied, and continue to deny, that they have

violated or have threatened to violate any law or that they, in any manner, have taken any

improper action or that they have neglected to take any proper action. The Defendants and 3M are entering into the Stipulation because the Settlement would eliminate the burden, risk, and expense of further litigation.

D.     Plaintiff believes that the institution of the Derivative Action was in the best interests of 3M;

E.     Counsel for the Parties have engaged in arm's-length negotiations concerning a possible settlement and have reached an agreement in principle providing for the settlement of the claims asserted in the Derivative Action.

F.     In light of the events and negotiations described above, and analysis of applicable law, Plaintiff, the Defendants, and 3M (after consultation with their respective legal advisors) have concluded that the terms and conditions of this proposed settlement are fair, reasonable, adequate, and in the best interests of 3M and 3M's stockholders.

G.     Plaintiff, the Defendants, and 3M enter into this Settlement after taking into account (i) the benefits to 3M and its stockholders, (ii) the risks and costs of continued litigation, (iii) the desirability of consummating the Settlement as provided by the terms of the Stipulation of Settlement signed by the Parties, and (iv) the conclusion of the Plaintiff, Defendants, and 3M that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of 3M and 3M's stockholders.

## SETTLEMENT

On May 6, 2008, counsel for all of the Parties in this Action signed the Stipulation containing the terms of the Settlement. The following is a summary of the Stipulation and is qualified in its entirety by and subject to the terms of the Stipulation:

1.    If the Court approves the Stipulation, it will enter a Final Judgment and Order which, among other things, will provide that the Action is dismissed with prejudice and that all the released claims, as defined below, are fully and finally released, discharged, and dismissed with prejudice as to each and all of the Parties and their respective attorneys.  As explained in detail below, this means that you (and all 3M stockholders) will fully and finally release, discharge, and dismiss with prejudice any and all claims against Defendants and 3M related in any way to the Plan.

2.    The released claims are all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, and matters of any kind or nature whatsoever (including any claims for costs, attorneys' fees or expenses (excluding only claims for enforcement of the Settlement)), whether asserted directly, derivatively, or otherwise, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, and whether arising under federal, state, or any other law (including, without limitation, the federal securities laws, federal or state tax laws and Delaware state law), which have been, or could have been, or could be in the future, asserted by Plaintiff on behalf of itself, and each stockholder, on behalf of itself, and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, against each Defendant, in their personal and representative capacities, including their heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, and assigns, and 3M, including all of its past, present or future officers, directors, representatives,

affiliates, subsidiaries, employees, financial or investment advisors, consultants, accountants,

attorneys, law firms, investment bankers, commercial bankers, engineers, advisors, insurers and

agents, relating in any way to the Plan, including, but not limited to, the terms of the Plan, the

operation and administration of the Plan, the tax treatment of the Plan and the payments made

thereunder, the Company's 2007 Proxy Statement and other public disclosures with respect to

the Plan, and the stockholder vote pursuant to the 2007 Proxy Statement.  The released claims

also include all claims against Plaintiff and Plaintiff's counsel arising out of the commencement,

prosecution, settlement, or resolution of the Action.

      3.     The released claims are fully and completely discharged, dismissed with

prejudice, settled, released, and enjoined, pursuant to the terms and conditions set forth herein,

provided, however, that nothing herein shall release the Parties from their obligations under this

Stipulation, and that the released claims shall not include an action or proceeding to enforce

compliance with the terms of the Settlement.

      4.     All such released claims are hereby extinguished and the releasing parties are

hereby deemed to have waived any and all rights, to the extent permitted by law, under the

provisions of Section 1542 of the California Civil Code or any other similar state law, federal

law, or principle of common law, which may have the effect of limiting the release set forth

above.  Section 1542 of the California Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

All releasing parties acknowledges that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases granted herein, but acknowledge that it is their intention to fully, finally and forever settle, release and discharge any and all claims hereby known or unknown , suspected or unsuspected, which do or do not exist, or heretofore existed and without regard to the subsequent discovery or existence of such additional or different facts.

5.     Pursuant to the Settlement, the Company has agreed to file a Form 8-K with the Securities and Exchange Commission stating: (i) the Compensation Committee of 3M's Board of Directors (the "Committee") interprets the term "Special Items" as used in the Plan to mean amounts resulting from those unusual and/or infrequent events that have been treated as special items in the Company's current reports furnished to the Securities and Exchange Commission on Form 8-K, Item 2.02, including but not limited to:

- Any items for which Accounting Principles Board Opinion No. 30, "Reporting the Results of Operations – Reporting the Effects of Disposal of a Segment of a Business, and Extraordinary, Unusual and Infrequently Occurring Events and Transactions," provides disclosure criteria and/or any unusual and/or infrequent items as described in management's discussion and analysis of financial condition and results of operations appearing in the Company's annual/quarterly periodic reports for the applicable year/quarter;

- The financial impact of restructurings;

- Asset write-downs;

- Divestitures or asset sales;

- Litigation or claim judgments and settlements;

- The effect of changes in tax law, accounting principles or other such laws or provisions affecting reported financial results; or

- Unusual tax transactions.

(ii) that for the 2007 Plan Year, the number of individuals who were eligible to participate in the Plan, consisting of the Company's named executive officers and other senior executives whose compensation is approved by the Committee, was approximately 21; and (iii) that the Board and the Committee intend, and have intended since the adoption of the Plan, to preserve their authority to pay compensation to 3M's executives and other employees as they determine to be in the Company's best interest and pursuant to the Company's various compensation and benefit plans, policies and arrangements, including, but not limited to, the Plan, which compensation may or may not be subject to the deduction limitations of Section 162(m) of the Internal Revenue Code of 1986, as amended.

6.    In addition, the Committee has adopted or will adopt a formal resolution interpreting the term "Special Items" as it is used in the Plan. Specifically, the Plan defines "Adjusted Net Income" to be the Company's net income as reported in its Consolidated Statement of Income as adjusted to exclude Special Items. The resolution will state that the Committee interprets, and has since the adoption of the Plan interpreted, Special Items as that term is defined above in Paragraph 5 above.

### The Parties' Position as to the Desirability of the Settlement

**A.    Plaintiff's Position**

7.    Plaintiff has considered, *inter alia,* (1) the defenses asserted by and available to the Defendants and 3M, (ii) the decisions and rulings issued by the Court, (iii) the uncertainties of the outcome of the Action, and (iv) the fact that the resolution of the Action, even if the Court were to find in the Plaintiff's favor, could be subject to appellate review, thus enhancing the risk and time required for final adjudication of the Action, and has concluded that, while it believes the claims asserted in the Action have merit, the Settlement will provide substantial benefits to

3M and its stockholders which, when weighed against the attendant risks and potential outcomes

of continued litigation, warrant settlement upon the terms and provisions set forth herein, and

that such settlement is fair, reasonable, adequate, and in the best interests of 3M and 3M's

stockholders.

**B.    Defendants' Position**

8.    Defendants and 3M have considered, *inter alia,* (1) the claims asserted by

Plaintiff, (ii) the decisions and rulings issued by the Court, (iii) the uncertainties of the outcome

of the Action, and (iv) the fact that the resolution of the Action, even if the Court were to find in

the Defendants' and 3M's favor, could be subject to appellate review, thus enhancing the risk

and time required for final adjudication of the Action, and have concluded that, while they

believe the claims asserted in the Action do not have merit, when weighed against the attendant

risks and potential outcomes of continued litigation, warrant settlement upon the terms and

provisions set forth herein, and that such settlement is fair, reasonable, adequate, and in the best

interests of 3M and its stockholders.  The current Board of Directors of 3M has approved the

terms of the Stipulation and believes that the Settlement is in the best interests of 3M and its

stockholders.

**EFFECT OF DISAPPROVAL BY THE COURT**

9.    If the Court does not approve the Stipulation or the Order approving the

Settlement is reversed, vacated, or modified on appeal, then: (a) the Settlement shall become null

and void for all purposes, and all negotiations, transactions, and proceedings connected with it (i)

shall be without prejudice to the rights of any party in this Action, who shall be restored to their

respective positions existing immediately prior to the agreement by the Parties to a

Memorandum of Understanding concerning the Settlement, (ii) shall not be deemed or construed

as evidence of an admission by any party of any fact, matter, or thing, and (iii) shall not be admissible in evidence or used in any subsequent proceeding in this Action or any other action or proceeding; and (b) no party shall be entitled to reimbursement from any other party for notification costs.

### APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

10.    If the Court approves the Settlement, Plaintiff's counsel in the Action will apply to the Court for an award of attorneys' fees and expenses not to exceed $600,000 (the "Fee Application"). 3M and the Defendants agree not to oppose the Fee Application in accordance with the terms of the Settlement. The Parties agree that the Fee Application may be considered and adjudicated separately and independently from the Settlement and proposed entry of a final and appealable order dismissing and releasing the released claims.

11.    Any award made by the Court pursuant to the Fee Application shall be payable to Plaintiff's counsel by 3M within ten (10) calendar days of Final Court Approval (as that term is defined in the Stipulation) of the Settlement or the Court's entry of an order awarding fees, whichever comes later.

12.    Except as expressly provided herein, Defendants and 3M shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff, or by any of its attorneys, experts, advisors, agents or representatives. Neither Plaintiff nor any of its counsel shall apply to any court for any fees or expenses except as provided for herein.

### YOUR RIGHT TO BE HEARD

13.    Any current stockholder of 3M who objects to (i) the Settlement, (ii) the dismissal of this Action, (iii) the entry of the Final Judgment and Order with the respect to the Action, or (iv) the Fee Application, or who otherwise wishes to be heard, may appear in person or through

counsel at the Settlement Hearing and present evidence or argument that may be proper and

relevant; provided, however, that no person other than counsel for the Parties to this Action shall

be heard and no papers, briefs, pleadings, or other documents shall be received and considered

by the Court (unless the Court in its discretion may thereafter otherwise direct, upon application

of such person and for good cause shown), unless not later than ten (10) business days prior to

the Settlement Hearing such person files with the Court, at the  J. Caleb Boggs Federal Building,

844 North King Street, Wilmington, Delaware 19801, (a) a written notice of intention to appear

with proof of stock ownership, including the number of shares owned as of May 6, 2008, and as

of the date of the written objection, (b) a statement of such person's objections to any matters

before the Court, and (c) the grounds therefore or the reasons for such person's desiring to

appear and be heard, as well as all documents or writings such person desires the Court to

consider, and, on or before the date of such filing, serves the same documents upon the following

counsel of record for the parties hereto:

Seth D. Rigrodsky
RIGRODSKY & LONG, P.A.
919 North Market Street, Suite 980
Wilmington, DE 19801

*Attorneys for Insulators and Asbestos Workers Local No. 14 Pension Fund*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza
Wilmington, DE  19801

*Attorneys for George W. Buckley, Patrick D. Campbell, Moe S. Nozari, Frederick J. Palensky,*
*and Richard F. Ziegler*

Daniel A. Dreisbach
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE  19801

*Attorneys for 3M Company, Linda G. Alvarado, Vance D. Coffman, Michael L. Eskew, W. James Farrell, Herbert L. Henkel, Edward M. Liddy, Robert S. Morrison, Aulana L. Peters, and Rozanne L. Ridgway*

12.    Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above.  Any person who fails to object in the manner and within the time prescribed above shall be deemed to have waived the right to object, including the right to appeal, and shall forever be barred, in this proceeding or in any other proceeding, from raising such objection.

### INTERIM INJUNCTION

13.    All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and provisions of the Settlement, are hereby stayed and suspended until further Order of the Court; provided, however, that such stay shall be vacated if the Settlement is terminated as provided in Paragraph 11 of the Stipulation.  Pending final determination of whether the Court should approve the Settlement, Plaintiff and all other stockholders of 3M are barred and enjoined from commencing or prosecuting any action or proceeding in any court or tribunal concerning the released claims (as described in the Stipulation) or any claims against any of the released parties (as described in the Stipulation) arising out of the facts alleged in the Complaint in this Action.

### PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THE SETTLEMENT.

ENTERED BY ORDER OF THE COURT:

Dated _____, 2008

_____
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

48

**EXHIBIT F**

**SUMMARY NOTICE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INSULATORS AND ASBESTOS | ) | |
| WORKERS LOCAL NO. 14 PENSION | ) | |
| FUND, Derivatively on Behalf of 3M | ) | |
| COMPANY, | ) | C.A. No. 07-416-GMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE W. BUCKLEY, LINDA G. | ) | |
| ALVARADO, VANCE D. COFFMAN, | ) | |
| MICHAEL L. ESKEW, W. JAMES | ) | |
| FARRELL, HERBERT L. HENKEL, | ) | |
| EDWARD M. LIDDY, ROBERT S. | ) | |
| MORRISON, AULANA L. PETERS, | ) | |
| ROZANNE L. RIDGEWAY, PATRICK | ) | |
| D. CAMPBELL, MOE S. NOZARI, | ) | |
| FREDERICK J. PALENSKY, | ) | |
| RICHARD F. ZIEGLER | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 3M COMPANY, a Delaware Corporation, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**SUMMARY NOTICE OF PENDENCY OF DERIVATIVE ACTION,**
**PROPOSED SETTLEMENT OF DERIVATIVE ACTION,**
**AND SETTLEMENT HEARING**

TO:    ALL RECORD OR BENEFICIAL OWNERS OF COMMON STOCK OF 3M
       COMPANY AS OF MAY 6, 2008

YOU ARE HEREBY NOTIFIED that the plaintiff and defendants in the above-captioned shareholder derivative lawsuit (the "Action") have entered into an agreement to settle this Action.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court for the District of Delaware, dated _____, 2008, a hearing will be held on _____, 2008, at __:__ [AM/PM], before the Honorable Gregory M. Sleet at the J. Caleb Boggs Federal

Building, 844 North King Street, Wilmington, Delaware 19801 (or at such date as the Court may direct without further notice) (the "Settlement Hearing") to: (i) determine whether a Stipulation of Settlement dated May 6, 2008 (the "Stipulation"), and the terms and conditions of the Settlement proposed in the Stipulation (the "Settlement"), are substantively and procedurally fair, reasonable and adequate, and in the best interests of 3M Company ("3M" or the "Company"); (ii) to determine whether final judgment should be entered dismissing the Action as to all Defendants named therein and their affiliates and with prejudice against the Plaintiff; (iii) to hear and determine any objections to the Settlement and/or the application for attorneys' fees by Plaintiff's counsel; (iv) if the Court approves the Stipulation and Settlement, and enters a Final Judgment and Order, to determine whether it should award attorneys' fees and expenses to Plaintiff's counsel pursuant to the application described herein; and (v) to hear such other matters as the Court may deem necessary and appropriate.

The Action and Settlement address derivative suit claims alleging that the Company's 2007 Proxy Statement contained false and misleading statements concerning the tax deductibility of compensation payable under the Executive Annual Incentive Plan (the "Plan") and the standards for determining the amounts payable under the Plan. Plaintiff asserted federal and state law claims on the basis of those allegations, and sought injunctive relief and monetary damages.

3M and each of the Defendants deny and continue to deny all allegations of wrongdoing and deny liability on the claims asserted in the Action.

Pursuant to the Settlement, the Company has agreed to file a Form 8-K with the Securities and Exchange Commission stating: (i) the Compensation Committee of 3M's Board of Directors (the "Committee") interprets the term "Special Items" as used in the Plan as that term is defined in the Form 8-K; (ii) that for the 2007 Plan Year, the number of individuals who were eligible to participate in the Plan, consisting of the Company's named executive officers and other senior executives whose compensation is approved by the Committee, was approximately 21; and (iii) that the Board and the Committee intend, and have intended since the adoption of the Plan, to preserve their authority to pay compensation to 3M's executives and other employees as they determine to be in the Company's best interest and pursuant to the Company's various compensation and benefit plans, policies and arrangements, including, but not limited to, the Plan, which compensation may or may not be subject to the deduction limitations of Section 162(m) of the Internal Revenue Code of 1986, as amended.

In addition, the Committee has adopted or will adopt a formal resolution interpreting the term "Special Items" as it is used in the Plan. Specifically, the Plan defines "Adjusted Net Income" to be the Company's net income as reported in its Consolidated Statement of Income as adjusted to exclude Special Items. The resolution will state that the Committee interprets, and has since the adoption of the Plan interpreted, Special Items as that term is defined in the Form 8-K filed pursuant to the Settlement.

At or before the Settlement Hearing, Plaintiff's counsel will apply to the Court for an award of attorneys' fees and expenses not to exceed $600,000. 3M and the Defendants have agreed not to oppose this request for the payment of fees and the reimbursement of expenses.

If the Court approves the Stipulation, it will enter a Final Judgment and Order which, among other things, will provide that the Action is dismissed with prejudice and that certain claims are fully and finally released, discharged, and dismissed with prejudice as to each and all of the Parties and their respective attorneys. As explained in detail in the Notice of Pendency of Derivative Action, Proposed Settlement and Settlement Hearing, this means that you (and all 3M stockholders) will fully and finally release, discharge, and dismiss with prejudice any and all claims against Defendants and 3M that relate in any way to the Plan, including but not limited to, the terms of the Plan, the operation and administration of the Plan, the tax treatment of the Plan and the payments made thereunder, the Company's 2007 Proxy Statement and other public disclosures with respect to the Plan, and the stockholder vote pursuant to the 2007 Proxy Statement.

If you currently own 3M common stock, your rights may be affected by the Settlement. A CURRENT INVESTOR WHO OWNED 3M STOCK AS OF MAY 6, 2008, WHO WISHES TO CONTEST EITHER THE SETTLEMENT OR THE APPLICATION FOR FEES AND EXPENSES BY PLAINTIFF'S COUNSEL MAY DO SO BY FOLLOWING THE PROCEDURE SET FORTH IN THE NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING UNDER THE HEADING "YOUR RIGHT TO BE HEARD."

You may obtain a copy of the detailed Notice of Pendency of Derivative Action, Proposed Settlement and Settlement Hearing at 3M's website (http://www.3M.com/-----).  You may also obtain a printed copy of the detailed Notice of Pendency of Derivative Action, Proposed Settlement and Settlement Hearing by U.S. Mail by contacting:

Leslie Bornstein Molder, Esq.
BARRACK, RODOS & BACINE
Two Commerce Square
2001 Market Street
Suite 3300
Philadelphia, PA  19103
Tel:    215-963-0600
Fax:    215-963-0838

PLEASE DO NOT CONTACT THE COURT

ENTERED BY ORDER OF THE COURT:

Dated _____, 2008                          _____
                                           UNITED STATES DISTRICT COURT
                                           FOR THE DISTRICT OF DELAWARE