IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14 PENSION FUND, Derivatively on Behalf of 3M COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE W. BUCKLEY, LINDA G. ALVARADO, VANCE D. COFFMAN, MICHAEL L. ESKEW, W. JAMES FARRELL, HERBERT L. HENKEL, EDWARD M. LIDDY, ROBERT S. MORRISON, AULANA L. PETERS, ROZANNE L. RIDGEWAY, PATRICK D. CAMPBELL, MOE S. NOZARI, FREDERICK J. PALENSKY, RICHARD F. ZIEGLER <br><br> Defendants, <br><br> and <br><br> 3M COMPANY, a Delaware Corporation, <br><br> Nominal Defendant. | C.A. No. 07-416-GMS |

## FINAL JUDGMENT AND ORDER

A hearing (the "Settlement Hearing") having been held before this Court (the "Court") on June 3, 2009 pursuant to the Court's Orders of December 30, 2008, January 16, 2009, and its Oral Order of May 11, 2009, (collectively referred to as the "Scheduling Order"), upon a Stipulation of Settlement dated May 6, 2008 (the "Stipulation") in the above-captioned action (the "Derivative Action" or "Action"), which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order, the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement embodied in the Stipulation (the "Settlement"); the attorneys for

their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the stockholders of 3M Company ("3M" or the "Company") was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 3rd day of June, 2009, that:

1. Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

2. On or before January 31, 2009, a Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice") was delivered to stockholders as set forth in the Scheduling Order. (*See* D.I. 65). The Summary Notice further provided stockholders with the URL address at which a detailed version of the Notice approved by the Court could be viewed. *Id.* The form and manner of notice given to 3M stockholders is hereby determined to have been the best notice practicable, is due and sufficient notice of all matters related to the Settlement, and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.1.

3. 3M has filed with the Court appropriate affidavits attesting to the distribution of the Notice and the Summary Notice under the terms of and in accordance with the provisions of the Scheduling Order.

4. A full opportunity to be heard has been offered to all parties, current stockholders of 3M, and persons in interest.

5. This Action was properly maintained as a derivative action on behalf of 3M and its

stockholders, and the Plaintiff and its counsel have at all times adequately represented the interests of 3M with respect to the Action and the claims asserted therein.

6.  The Settlement is hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of 3M and 3M's stockholders. The Settlement is the product of good faith, arm's-length negotiations between counsel for 3M, Plaintiffs, and Defendants. Accordingly, the Settlement shall be consummated in accordance with its provisions, as set forth in the Stipulation.

7.  The Action is hereby dismissed on the merits with prejudice as to all of the Defendants, with all parties to bear their own costs except as provided herein.

8.  Plaintiff, on behalf of itself, and each stockholder, on behalf of itself, and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, shall, by operation of this Final Judgment and Order have, fully, finally and forever released, relinquished and discharged each Defendant, in their personal and representative capacities, including their heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, and assigns, and 3M, including all of its past, present or future officers, directors, representatives, affiliates, subsidiaries, employees, financial or investment advisors, consultants, accountants, attorneys, law firms, investment bankers, commercial bankers, engineers, advisors, insurers and agents, from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, and matters of any kind or nature whatsoever (including any claims for costs, attorneys' fees or expenses (excluding only claims for enforcement of the

Settlement)), whether asserted directly, derivatively, or otherwise, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, and whether arising under federal, state, or any other law (including, without limitation, the federal securities laws, federal or state tax laws and Delaware state law), which have been, or could have been, or could be in the future, asserted that relate in any way to the Plan, including, but not limited to, the terms of the Plan, the operation and administration of the Plan, the tax treatment of the Plan and the payments made thereunder, the Company's 2007 Proxy Statement and other public disclosures with respect to the Plan, and the stockholder vote pursuant to the 2007 Proxy Statement. Provided, however, that nothing herein shall release the Parties from their obligations under this Stipulation and the Memorandum of Understanding, and that the released claims shall not include an action or proceeding to enforce compliance with the terms of the Settlement and the Memorandum of Understanding. All claims against Plaintiff and Plaintiff's counsel arising out of the commencement, prosecution, settlement, or resolution of the Action are fully, finally and forever released, relinquished, and discharged.

9. All such released claims described in Paragraph 8 above are hereby extinguished and the releasing parties are hereby deemed to have waived any and all rights, to the extent permitted by law, under the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, or principle of common law, which may have the effect of limiting the release set forth above. Section 1542 of the California Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

10. The releasing parties are hereby permanently barred and enjoined from instituting,

4

commencing, asserting, or continuing any of the released claims against the released parties in any other jurisdiction.

11. This Final Judgment and Order shall not constitute or be construed as an admission by any of the Defendants of any fault, wrongdoing, or liability whatsoever, or as an admission that the Plaintiff, 3M, or any stockholders of 3M has suffered any damages, or as an admission by Plaintiff of any lack of merit of its claims. Neither this Final Judgment and Order, nor Stipulation nor any of the negotiations, transactions, or proceedings in connection with the Settlement, shall be deemed or offered or received in evidence in any civil, criminal, administrative, or other proceeding, or used in any manner whatsoever, including as a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of 3M or any Defendant; provided however, that nothing contained in this Final Judgment and Order or the Stipulation shall prevent this Final Judgment and Order or the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order related thereto) and, provided further, that 3M and the Defendants and any of their predecessors or successors in interest may file and use this Final Judgment and Order and the Stipulation, and all documents relating thereto in any action to support a defense of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion, issue preclusion, or similar defense.

12. Plaintiff's counsel is hereby awarded fees and expenses in the amount of $600,000 in connection with the Action, which fees and expenses the Court finds to be fair and reasonable.

13. Without affecting the finality of this Final Judgment and Order in any way,

jurisdiction is reserved over all matters related to the administration, consummation and enforcement of the terms of the Stipulation.

14. This Final Judgment and Order finally and forever adjudicates on the merits all claims, rights, and liabilities of the Parties with respect to the Action and, as such, is subject to immediate appeal. The Clerk is directed to enter judgment forthwith.

ENTERED BY ORDER OF THE COURT:

Dated June 5, 2009

_____
SLEET, C.J.